BARNARD and Others *v.* HAWORTH.

May Term, 1857.

Under the statute of 1839 (Acts, p. 105, s. 30), an order by a county board authorizing the opening of a private way, without defining its width, is void on its face.

Such an order is not admissible in evidence, in defense of an action of trespass, though it be pleaded in bar, and the plaintiff fail to demur.

And where the defendant relied solely upon this defense, *held,* that the plaintiff was entitled to judgment on the pleadings.

The proceedings of the commissioners, in such case, were not admissible to mitigate the damages.

A county board, in establishing a way, must follow the directions of the statute.

APPEAL from the *Union* Circuit Court.

Wednesday, May 27.

DAVISON, J.—The appellants were the defendants below, and the appellee the plaintiff.

The complaint charges that the defendants with force, &c., broke and entered the plaintiff's close, and therein committed various trespasses, &c.

The defendants answered—1. By general denial. 2. Justifying on the ground that the supposed trespasses were done by virtue of an order of the board of commissioners, which authorized the opening, &c., of a private road through the plaintiff's land. In this defense, the petition upon which the action of the board was founded, and all other proceedings had before the commissioners, relative to the road, are set out *in hæc verba.* The order is as follows: "And, the board, having examined the premises, order and direct that the route set forth as petitioned for, and recorded, &c., be established as a private road, for the convenience of the petitioners, and further, that they pay the costs," &c.

The plaintiff replied generally, that the defendants, in their own wrong, without the cause alleged, &c., committed the several trespasses in the complaint charged.

Verdict and judgment for the plaintiff.

To sustain the defense, the defendants, upon the trial, offered in evidence the proceedings set forth in the second paragraph; but the Court refused to admit them, on the ground that the order did not define the width of the road,

and was, therefore, a nullity. The statute under which the order was made, declares, " That all private roads shall not be less than thirty feet wide; and that it shall be the duty of the board of commissioners, in their order establishing such road, to define and specify the width thereof." Acts of 1839, p. 105, s. 30. The duty of the commissioners is thus explicitly pointed out. They had no power to establish the road, unless in the mode prescribed by the statute. And having, in this instance, failed to define its width, their order must be held invalid. This Court has often decided that an order establishing a road whose width is not defined, is void. 5 Blackf. 462.—8 *id.* 208.

But here the order was set out in the defense, which was suffered to pass without demurrer; hence, it is insisted that the plaintiff had no right to resist its introduction as evidence in the cause. In support of this position, we are referred to a rule of practice which says that, " Where the facts stated in the answer are not sufficient to constitute a cause of defense, the plaintiff may demur." * * * And, " Unless the objection be taken by demurrer, it shall be deemed to be waived." 2 R. S. p. 42, s. 64. This rule is not strictly applicable to the question under consideration; because the ruling of the Court did not relate to the answer, but to the proposed evidence. It is true, the order of the commissioners is set out in the answer, and is pleaded in bar of the action, and, according to the letter of the rule, the insufficiency of that pleading seems to have been waived by the plaintiff; still, the order was a nullity, and there is no valid reason why such waiver should authorize its admission; because, when admitted as evidence, it could have had no proper weight on the trial of the cause. Suppose the introduction of the proposed evidence, and the result—a verdict for the defendants. Would the Court, on such verdict, have rendered a judgment? To this inquiry there is but one answer: Courts are in duty bound to set aside a verdict unsustained by legal evidence. 2 R. S. p. 117, s. 352. There is another ground upon which the action of the Circuit Court may be held valid. The code provides that, " Where, upon the statements in the pleadings, one

party is entitled by law to a judgment in his favor, judg-
ment shall be so rendered by the Court, though a verdict
has been found against such party." 2 R. S. p. 121, s. 372.
In the case before us, the pleading relied on by the defend-
ants, is fatally defective. It admits the facts stated in the
complaint, but fails to allege sufficient matter in avoidance.
The plaintiff was, therefore, under the section just quoted,
entitled to a judgment on the pleadings. This construc-
tion is fully sustained in *Willey* v. *Strickland*, 8 Ind. R. 453.

But the appellants contend that the proceedings before
the commissioners were admissible to mitigate the dam-
ages, if for no other purpose. No argument or authority
is adduced in support of that position, nor do we know of
any. The proceedings offered in evidence had no validity.
Of this the defendants were legally cognizant when the
trespass was committed. And having proceeded to open
the road under an order void on its face, we think the
plaintiff was entitled to full damages.

*Per Curiam.*—The judgment is affirmed, with 10 per
cent. damages and costs.

*J. F. Gardner* and *C. H. Test*, for the appellants.