JACKSON *et ux. v.* SMILEY and Others.

In pleading that a particular place is a public highway, it is only necessary to aver generally, that it was a public highway, without a statement of the facts which render it such.

Courts should not readily interfere with highways, which have been dedicated to, and used by, the public for over twenty years, merely on account of irregularities in the manner of their original dedication.

It is immaterial as to the jurisdiction of township trustees over the highways in their townships, whether the highways also extend into or through other townships or counties.

APPEAL from the *Decatur* Circuit Court.

HANNA, J.—The appellants sued the appellees for breaking and entering the plaintiff's close, and trampling down the herbage, &c. Answer: 1. Denial. 2. That they entered as they lawfully might, because the place where, &c., was then, and for a long time before, had been a public highway, &c.

There was a demurrer to the second paragraph of the answer overruled, which presents the first point in the case. It is urged that it pleads a conclusion of law, and not the facts, upon which that conclusion rests. That it should set forth the manner in which the highway was established, whether by prescription or by statute. Such are not the precedents as to public highways. 3 Chit. Pl. 1,117, and note *i;* nor old authorities, 1 H. Bla. 351; 2 Saund. 158; 3 T. R. 265; 8 *id.* 608; Saund. Pl. & Ev. 2, 859.

We are referred to *Barnard* v. *Haworth*, 9 Ind. 103, as establishing a different rule. It is not an authority in point, because that was a private way.

Reply in denial of the second paragraph. Trial; judgment for defendant.

On the trial, it was admitted that the plaintiffs owned and possessed the lands, &c., on the 22d day of *March*, 1859; and that the defendants then broke and entered, &c., and damaged plaintiffs in the sum of five dollars—that said breaking consisted in opening the fences and passing across said lands, on the line of what had before that time, viz: on the 19th day of *September*, 1857, been a public highway, called *The Greensburg and Columbus State Road via Hartsville*, which had been dedicated to, and used by, the public as a highway for more than twenty years prior to that time.

Defendants then gave in evidence an "act to locate," &c. Acts 1833, p. 223.

They then offered in evidence the report of two of the commissioners, of three named in said act, in reference to the location of said road, which was objected to on two grounds: 1. That two only of the three commissioners concurred in said report. 2. Immateriality. The evidence was admitted, upon which the next question is presented.

This report was made in *June*, 1833, and, so far as the record shows, remained, after its confirmation, unquestioned

until this trial, in 1861, about twenty-eight years. It is admitted that the route thus located, had been dedicated to, and used by, the public as a highway for more than twenty years. Taking these things in connection with the fact that the statute of 1831, giving county boards control over county highways, as to opening, working, &c., authorized a report by a majority, of those appointed to locate or change; and we do not suppose that we could well get behind this admitted dedication of twenty years, to examine as to whether it was originally made in precise accordance with the statute; for, under these circumstances, such use would be, to say the least, under color, or the attempted exercise of the right of eminent domain. The same reason applies to the next objection, which was as to the admission in evidence of the record of the Board of County Commissioners in reference to said report.

The principal controversy appears to have arisen out of the offer, by the plaintiffs, of the record of the township trustees ordering a change of said road. The trial was by the Court. The evidence was admitted, but evidently disregarded upon the final decision. The question is as to the power of said trustees to order the change. The plaintiffs acted upon their order, opened a new road, and closed up the old through their land. The defendants denied the power, threw open the fence and passed through on the site of the old road.

It is urged that when the change was confined to a township, the trustees had jurisdiction, although the road might pass through several townships, or even counties. On the other hand it is contended that it was not intended that these local tribunals should have the authority to make changes in continuous lines of road, running into different counties, although such change was wholly in the township.

The statute, 1 R. S. 307, provides for opening, changing, or vacating a highway running into more than one county;

and also one running in but one county, and through more than one township; but does not expressly state whether the provisions have reference to cases where the highway itself thus runs, or whether the change proposed must also be within the named jurisdictions.

We are of opinion that the jurisdiction of the different named tribunals depends upon the extent of the change demanded, and not upon the entire length of the road sought to be effected by such change. We can not believe that it was the intention to devolve the expense and inconvenience, public and private, which would result from an application to several county boards to effect a change of a few rods in a highway. The citizens in the immediate vicinity of the proposed change would have as much, certainly more, interest in the maintenance of a highway, than those of distant localities. The reason would then appear to be in favor of this construction of the statutes; although they are not entirely clear, as to the question involved.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded.

*Oscar B. Hord* and *Cortez Ewing*, for the appellants.
*J. S. Scobey* and *William Pound*, for the appellees.