*Hunter & Daugherty, J. P. Siddall, N. H. Johnson,* and *W. S. Ballenger,* for appellee.

———————●———————

## Debolt v. Carter and Another.

PRACTICE.—*Parties.—Capacity to Sue.*—A demurrer for the statutory cause of want of legal capacity to sue has reference to some legal disability of the plaintiff, such as infancy, idiocy, or coverture, and not to the fact that the complaint upon its face fails to show a right of action in the plaintiff.

SAME.—*Plaintiffs.—Misjoinder of.*—Where two or more plaintiffs unite in bringing a joint action, and the facts stated do not show a joint cause of action in them, the proper mode of taking advantage of the defect is by demurrer to the complaint, because it does not state facts sufficient to constitute a cause of action; and the defect can only be cured by striking out the name of the plaintiff improperly joined, or by so amending the complaint as to show a right of action in all the parties.

SAME.—*Obstruction of Highway.—Injunction.*—In an action to enjoin the obstruction of a public highway within the limits of an incorporated town and under the jurisdiction and control of such corporation, brought by a plaintiff who predicates his right to such relief on the ground that he is the owner of certain lots fronting upon the highway obstructed, such corporation is not a necessary party plaintiff.

SAME.—*Another Action Pending.*—Suit by the owner of certain town lots denying the existence of a highway upon and along a portion thereof, as claimed by the defendant, and seeking to quiet the plaintiff's possession of the lots, freed from the claim of such highway, praying a perpetual injunction against the defendant restraining him from disturbing the plaintiff's possession or asserting an easement over the lots as a public highway. After an-

swer and reply, the defendant filed a cross complaint, asserting the exist- ence of an easement as a public highway over a part of said lots, charging the plaintiff with having unlawfully obstructed it, to the special injury of the defendant, and praying that the plaintiff be perpetually enjoined from repeating or continuing such obstruction.

*Held*, that the cross complaint was not bad on demurrer on the ground that another action was pending between the same parties for the same cause, to wit, the original complaint, the answer, and the reply.

HIGHWAY.— *User.*—A county road was located by the board of county com- missioners, in 1840, over certain lands, the location being defective for not specifying the width of the highway; but, in pursuance of the order of the commissioners, the supervisor of the proper road district opened and im- proved the road, thirty feet in width, as a public highway, and it was con- tinuously thereafter kept, maintained, and used by the public as a public highway, in the same place and of the same width, with the knowledge and consent of the owners of said lands, for more than twenty years.

*Held*, that these facts showed the existence of a public highway by user.

SAME.— *Vacation of.— Town.*—The corporate limits of a certain town extended to and along the middle of a county road, thirty feet in width, located be- fore the town was laid out.

*Held*, that the board of trustees of the town had not power under the ninth clause of section 22 of the act for the incorporation of towns, 1 G. & H. 624, to vacate so much of said highway as was within the corporate limits.

APPEAL from the Jay Circuit Court.

Debolt, the appellant, filed his complaint in the Randolph Circuit Court, at the September term, 1866, against Carter, Commons, Murphy, and Eisenhour, alleging, in substance, that the plaintiff is, and for eleven years has been, the owner in fee simple of lots numbered 290 and 291, in the corpo- rate town of Union, in said county; that, to enclose and im- prove said lots, in the year 1862, he erected a fence on his own grounds, immediately south of the north line of said lots, and has since continued and maintained said fence as a part of the enclosure of said lots, as he lawfully might do; that the defendants and others falsely pretend and claim that there is a county road, thirty feet in width, on and along the north line of said lots, said north line being in the mid- dle of said road, and hence, that fifteen feet in width along the north side of said lots is servient to the easement of said highway, and that the same exists thereon, when, in truth, there is no such county road on and along the said

north line of said lots, nor is there any such easement upon said fifteen feet in width, nor is the said fifteen feet in width servient to any such county road and highway; that no such county road was ever lawfully located and established there along said line, thirty feet in width, with said line in the middle thereof; nor did any of the owners of the land at any time while they owned it, dedicate fifteen feet in width immediately south of the north line of said lots, or any other width or portion of said lots, to the use of a county road or any other highway; nor have the public by use acquired a right of way for a county road or any other highway on and over said fifteen feet in width; yet the defendants, to vex, harrass, and oppress the plaintiff, and to deprive him of the use and enjoyment of said strip of fifteen feet in width, and to compel him at great expense to remove his said fence fifteen feet south of where it now stands, and then to admit that there is an easement of a county road and highway existing upon said fifteen feet, when there is none existing on it, and by so doing to acquire from the plaintiff a right of highway on and over said fifteen feet of ground, heretofore, to wit, on, &c., caused an information to be filed in the court of common pleas of said county against the plaintiff for obstructing said pretended highway by said fence and enclosure, of which charge the plaintiff was afterwards, to wit, at the February term, 1866, of said court, acquitted and discharged, upon a trial on the merits; that afterwards, to wit, on, &c., the defendants, for the purpose aforesaid, brought an action in the name of the defendant Murphy, as trustee of the township, on the relation of the defendant Eischour, as supervisor of the road district, against the plaintiff, in the court of a justice of the peace named, of said county, for forty days' obstruction of said pretended road and highway by said fence, which action is still pending in the court of said justice; that the defendants, for the purpose aforesaid, are threatening to bring other similar actions against the plaintiff for other similar pretended offenses, and thus vex and harrass

the plaintiff till, out of sheer exhaustion, he shall yield to their unjust and illegal demands to grant them an easement on said fifteen feet in width of ground, by removing his fence and surrendering it to them for that purpose, when, in truth, their whole claim to said easement is false and baseless; that inasmuch as said justice and said court of common pleas have not jurisdiction to try and determine, decide and settle, the question whether or not said pretended easement exists on said lots or any portion of them, and this court is the only one that has original jurisdiction of that question and judicial power to settle and determine the same, and inasmuch as that question cannot be settled and quieted in any of said actions, the plaintiff brings this action to settle said question and quiet him in the peaceable enjoyment of his said property, free and discharged from the said pretended claim of highway and easement resting on it; and he prays the court to compel the defendants to set up in this action their said pretended claim to an easement upon said lots or any portion of them, and state specifically on what grounds they claim the same, whether by the due location and establishment of said pretended road by the board of commissioners of the county, or by the dedication of said lots or any portion of them for the purpose of a county road and highway by any owner thereof while owner, or by right of highway acquired by user; that the court upon a final hearing and determination of this action may settle and quiet that question forever, and quiet the plaintiff in the peaceable and uninterrupted enjoyment of his said lots; and plaintiff prays the court to grant its writ of prohibition directed to the defendants and said justice, prohibiting them and each of them from further proceeding in said action, and to grant the plaintiff all other necessary and proper relief.

After answer and reply, upon which no question arises here, the defendants filed a cross complaint, in substance as follows: that heretofore, to wit, on or about the — day of — 1840, and at the —— term of the board of commissioners of the county and State aforesaid, a petition was presented to

said board by divers citizens of said county, praying the location and establishment of a public highway in said county, in part upon the following lands lying and being therein, to wit, the east half of section 25, township 18, range 1, west; that pursuant to the prayer of said petition, said board appointed viewers to examine said proposed road, and report thereon; and afterwards, to wit, on, &c., such proceedings were had thereon that said board of commissioners ordered said proposed road to be opened as a public highway, all of which appears of record; but the complainants say that said record and proceeding is defective, in this, that the same does not prescribe the width of said highway; nevertheless, in pursuance thereof said road was, on the —— day of —— 1840, opened by the supervisor, as a public highway for travel and for the accommodation of the public, to a width of thirty feet, along and over a portion of the said lands, and the same was kept and continued at the same place continuously thereafter for more than twenty years, and until the making and causing of the obstruction hereinafter set forth; that during all this time the supervisors worked and repaired said road as a public highway, and the same was continuously and uninterruptedly used as such by the public generally; that said highway was located upon said lands and set apart for the public use as such by and with the knowledge and consent of the owner of said lands at that time, and has ever since, except as hereinafter stated, been used and enjoyed by the traveling public as such, by and with the leave, license, and permission of the owners of said lands; whereby said lands became and were subject to an easement in favor of the complainants and the public, by which they have a right to use and enjoy the same as a public highway; that said easement extends to, upon, and over, thirty feet of the north part of lots numbered 290 and 291 in Union City, in said county, the same being a subdivision of the lands aforesaid; and that said lots, to the extent aforesaid, are subject to said easement, and constitute a part of said public high-

way; that the complainants are citizens of the township of Wayne, and county aforesaid; that said John Commons and Samuel S. Carter, defendants, live near to the public highway aforesaid; that they own lots on and fronting upon said highway, and that for many years, to wit, for ten years before the obstruction hereinafter mentioned, all the defendants had enjoyed the privileges, immunities, and benefits of the same; that said Robert Murphy is the trustee of said Wayne township; and said Eisenhour was, at the time of the commencement of plaintiff's action, supervisor of the road district in which the lands aforesaid are situated; that the plaintiff in this action, on the 1st day of September, 1864, wholly obstructed said road and highway at the point where it crosses said lots, by building fences in and upon the same, and by setting out trees thereon; that by reason of such obstruction the complainants in this cross action and the public are wholly deprived of the use thereof; that said obstruction puts them and the public to great trouble, vexation, and inconvenience; that this is the identical matter referred to by the plaintiff in his complaint. They pray, that on a final hearing the court will adjudge and decree thirty feet off the north part of said lots to be a public highway; that so much of said lots be made subject to said easement in favor of the public for the uses and purposes of such highway; that the plaintiff, Debolt, be required to at once remove said obstruction; that the court will settle the title and right of the public in and to said easement, and forever enjoin said Debolt from molesting, hindering, or obstructing the enjoyment thereof, and grant them such other and proper relief as they may be entitled to have.

The appellant demurred to the cross complaint for the following reasons:

"1.   That the said Murphy and Eisenhour have not legal capacity to sue and maintain the said cross bill, because they are not the town of Union, nor are they or either of

them the street commissioner of said town, or the supervisor of the district in which is the place in which, &c.

"2. As to all the plaintiffs in the cross bill, the plaintiff demurers because there is another action pending between the same parties for the same cause, to wit, the complaint of the plaintiff in this action, and the defense set up to it by the defendants, and the reply thereto.

"3. Because there is a defect of parties plaintiffs in said cross bill, as neither the town of Union nor any of its officers for it is plaintiff in said cross bill."

The demurrer was sustained as to the first cause, and overruled as to the other causes.

The appellant then demurred to the cross complaint for the cause, that it does not state facts sufficient to constitute a cause of action.

The court overruled the demurrer, and the appellant excepted. The appellant answered the cross complaint in five paragraphs, the fifth being the general denial.

The appellees replied to the first paragraph of the answer by the general denial, and demurred to second, third, and fourth paragraphs. The demurrers were sustained, and the appellant excepted.

On the application of the appellant, the venue was changed to the Jay Circuit Court, where the appellant filed his plea *puis darrein continuance* to the cross complaint, alleging that the complainants in the cross complaint ought not further to maintain their counter claim and cross bill of complaint against the plaintiff, because he says that after the change of venue granted in this cause by the Randolph Circuit Court, where this cause was last continued until the present term of this court, and before this day, to wit, on the 9th day of September, 1868, the board of trustees of the town of Union, on petition presented to them, and on mature deliberation thereon had by them, by their order duly entered upon the records of their proceedings, a copy of which, duly certified and authenticated, is filed and made a part of this paragraph, ordered and adjudged that said fifteen feet

in width on the north side of said lots numbered 290 and 291, in said town of Union, was not needed as a highway, and that said pretended highway set up and claimed thereon in said cross complaint was not of public utility or needed as a highway; and said board granted said petition and ordered as aforesaid, that the highway on fifteen feet in width immediately south of the north line of the southeast quarter of section 25, in township 18, range 1, west of the first meridian, to wit, on the fifteen feet in width on the north side of lots 290 and 291, and nine other lots described by their numbers, in the town of Union City, be, and the same was then and thereby vacated, &c.

This paragraph was sworn to by the appellant, and a copy of the proceedings of the board of trustees of Union City, certified under oath by the clerk of the corporation of the town of Union City, is filed therewith.

The appellees demurred to said plea *puis darrein continuance*, the demurrer was sustained, and the appellant excepted.

Thereupon the appellees moved the court to proceed to trial upon the issues formed in the cause, to which the appellant objected, "because said plea was peremptory, and was a waiver of all previous issues in the cause, and he, the said Debolt, had not brought his proof as to said issues."

The court overruled the objection, and permitted the appellees to proceed to the trial; to which ruling the appellant excepted.

The court having found for the appellees, the appellant moved for a new trial. The court overruled the motion, and rendered judgment, dismissing the original complaint, adjudging, "that there is a public highway fifteen feet in width over and across the whole of the north end or side of" said lots, ordering the appellant to remove his fences from it, perpetually enjoining and restraining him from obstructing said highway and from hindering or molesting the public in the enjoyment of said easement, and adjudging costs against the appellant.

ELLIOTT, C. J.—A number of questions are presented by the appellant upon which a reversal of the judgment of the circuit court is claimed. They will be examined in the order in which they are presented by the record, rather than that adopted by the appellant's counsel.

It is contended by the appellant, that the demurrers to the cross complaint, for the reasons, first, that there is a defect of parties plaintiff; second, that it appears upon the face of the complaint that there is another action pending between the same parties, for the same cause; and third, that the complaint does not state facts sufficient to constitute a cause of action, should have been sustained.

Of these in their order. But before entering upon their discussion, it is proper to observe, that the cross complaint was originally filed by all the defendants in the original action, viz.: Carter, Commons, Murphy, and Eisenhour. A demurrer, however, was sustained to it as to Murphy and Eisenhour, because of their want of capacity to sue. This ruling of the court, in effect, struck the names of Murphy and Eisenhour from the complaint, and left it to be prosecuted in the names of Carter and Commons only. It was subsequent to this ruling that the appellant demurred to the complaint, because it did not state facts sufficient to constitute a cause of action. A demurrer for the statutory cause of the want of legal capacity to sue, has reference to some legal disability of the plaintiff, such as infancy, idiocy, or coverture, and not to the fact that the complaint upon its face fails to show a right of action in the plaintiff. It was held in *Berkshire* v. *Shultz*, 25 Ind. 523, after a very careful consideration of the question, that where two or more plaintiffs unite in bringing a joint action, and the facts stated do not show a joint cause of action in them, the proper mode of taking advantage of the defect is by a demurrer to the complaint, because it does not state facts sufficient to constitute a cause of action; and that the defect can only be cured by striking out the name of the plaintiff

improperly joined, or by so amending the complaint as to show a right of action in all the parties.

Under this ruling, the demurrer in the case at bar was improperly sustained as to Murphy and Eisenhour, on the ground of their want of capacity to sue; but the appellant cannot complain of that error; and, as it disposed of the case as to Murphy and Eisenhour, and not as to the other plaintiffs, the latter were left as the only plaintiffs in the case, and could continue its prosecution, as though the complaint were amended by striking from it the names of Murphy and Eisenhour as plaintiffs.

We return to the questions raised by the demurrers. And first, does the complaint show a defect of parties plaintiffs? It is insisted, that as the town of Union is incorporated, and that part of the alleged highway extending over a portion of the lots of the appellant is within the corporate limits of the town, the corporation should have been made a party plaintiff. We do not think so.

The appellees predicate their right to the relief prayed on the ground that they are the owners of lots fronting on the highway which the appellant had obstructed, and was still threatening to obstruct, denying the existence of such highway, and thereby disturbing them in its enjoyment, to their injury. They seek to redress a personal injury to themselves, and if it be admitted that the corporation possessed jurisdiction and control over the highway—a question which will be examined in another part of this opinion—still it was not a necessary party plaintiff in the cross complaint.

2. Does the complaint show on its face that there was another action pending when it was filed, between the same parties for the same cause?

It is insisted by the appellant's counsel, that the original action in this case by the appellant against the appellees and others, and in which the cross complaint is filed, is another action for the same cause, within the meaning of the law. Both the original and cross complaints are appeals to

the chancery powers of the court. The original complaint denies the existence of the alleged highway, seeks to quiet the appellant's possession of the lots described, freed from the claim of such highway, and prays for a perpetual injunction against the appellees from disturbing his possession or asserting an easement over the lots as a public highway. It can only be supported as a complaint in chancery, *quia temet*.

The cross complaint, though involving the same subject, is, in its object, just the reverse of, and antagonistic to, the original complaint; it asserts the existence of an easement as a public highway over a part of the appellant's lots, charges the appellant with having illegally obstructed it, to the injury of the appellees, and prays that he be perpetually enjoined from repeating or continuing such obstruction. It prays affirmative relief, which could not be properly granted upon a successful defense merely, of the original suit; it was not for the same cause as the original complaint; and the demurrer for that cause was properly overruled.

3. The remaining cause of demurrer is, that the cross complaint does not state facts sufficient to constitute a cause of action. The first objection made to its sufficiency under this cause of demurrer is, that it appears by the cross complaint that the alleged location of the highway by order of the board of county commissioners is a nullity, and that the facts stated do not show the existence of a valid highway, either by user or dedication.

It is alleged in the cross complaint, that in the year 1840, a public highway was located and established by the board of commissioners of Randolph county, a part of which was located on the land now constituting the lots of the appellant; that the location, however, was defective in not specifying the width of the highway, but that in pursuance of the order of the commissioners, the supervisor of the proper road district did, in the year 1840, open and improve the same thirty feet in width—being in part upon the lots of the appellant, as a public highway; and that it was contin-

uously thereafter kept, maintained, and used by the public, in the same place, and of the width aforesaid, and with the knowledge and consent of the owners of said land, as a public highway, for more than twenty years, and until it was unlawfully obstructed by the appellant. The facts thus alleged clearly show the existence of a valid public highway by user. It is declared by statute, that "all public highways which have been or may hereafter be used as such, for twenty years or more, shall be deemed public highways." 1 G. & H. 366, sec. 45. See also *Epler* v. *Niman*, 5 Ind. 459; *Hays* v. *The State*, 8 Ind. 425; *Jackson* v. *Smiley*, 18 Ind. 247. The facts alleged in the cross complaint are clearly sufficient to entitle the appellees to the relief prayed, and the demurrer to it was therefore properly overruled.

Another question presented in the case arises upon the ruling of the court in sustaining the demurrer to that paragraph of appellant's answer to the cross complaint called a plea *puis darrein continuance*, setting up a vacation of the highway in controversy, pending the litigation, by the board of trustees of Union City.

Two objections are urged by the appellees' counsel to the sufficiency of that paragraph. They are:

1st. That the board of trustees had no jurisdiction over, or power to vacate, the highway, it not being a street or alley of the town, within the meaning of the statute for the incorporation of towns.

2d. That if the board of trustees possessed such power, still the answer fails to show that it was exercised in conformity with the law; and that the order of vacation was therefore null and void.

It is claimed by the appellant's counsel, that the ninth clause of section 22 of the act for the incorporation of towns (1 G. & H. 624) conferred on the board of trustees of the town the power to vacate so much of the highway in controversy as was within the corporate limits. That clause reads thus: "*Ninth.* To lay out, open, grade and oth-

erwise improve the streets, alleys, sewers, sidewalks and crossings, and keep them in repair, and to vacate the same."

The board of trustees of an incorporated town is a tribunal of special limited powers and jurisdiction, which are conferred by statute for special purposes.

By the ninth clause of the section referred to, the power to vacate streets and alleys, within the corporate limits of the town, is conferred on the board of trustees. The words "streets and alleys" relate exclusively to the ways or thoroughfares of towns and cities. Ordinarily, they are laid out and dedicated to the public use, and especially for the use and convenience of the property holders of the town or city, by the proprietor thereof, or are laid out and established for the same purposes by the corporate authorities. "Highway" is a word of much broader signification; it includes every species of ways over which the public at large have a right of passage, whether they be roads, navigable rivers, or streets and alleys. Thompson Highways, pp 1, 6. Hence, whilst every street is a highway, yet every highway is not a street. A clear distinction is recognized by the Constitution and laws of this State between common roads, or highways, and the streets and alleys of towns or cities. See sec. 22, art. 4, of the Constitution, 1 G. & H. 40; the act to provide for the opening, vacating, and change of highways, 1 G. & H. 359; the act touching the laying out and vacating towns, streets, alleys, &c., 1 G. & H. 632; *The Common Council of Indianapolis* v. *Croas*, 7 Ind. 9; *City of Lafayette* v. *Jenners*, 10 Ind. 70–79. It is said in the case last cited, that "a highway is not a street, either technically or in common parlance."

In the case under consideration, the part of the highway in controversy is located on the line dividing the south-east quarter from the north-east quarter of a section of land. Subsequent to the location of the highway, the town of Union City was laid off on the south-east quarter of the section, with a tier of lots, including those of the appellant, extending to the north line of said quarter section, and con-

sequently to the middle of the highway, the whole width thereof being thirty feet.

The order of vacation set up by the appellant is, "that the highway on fifteen feet in width immediately south of the north line of the south-east quarter of section," &c., "to wit, on the fifteen feet in width on the north line of lots (here the numbers of eleven lots, including those of the ap-appellant, are given), in the town of Union City, be and the same is hereby vacated." It thus appears that the order of vacation only extends to one-half of the width of that part of the highway, thereby reducing it to fifteen feet in width. It is not claimed that it was a street or alley of the town, nor was it vacated as such, but as a highway.

It seems very clear that the board of trustees of the town had no jurisdiction or power, under the law, to grant the order of vacation, and it is therefore void. It follows that the demurrer to the answer setting it up was properly sustained.

This conclusion renders an examination of the second objection to the answer unnecessary.

It is also claimed, that the court erred in proceeding to the trial of the issues made upon the cross complaint prior to the filing of the answer *puis darrein continuance,* after the demurrer to that answer was sustained. At common law such a plea is a waiver of all previous pleas, and upon a demurrer being sustained to it, entitles the plaintiff to judgment. Whether that rule is applicable to the facts of this case, need not be determined; as, if the action of the court in proceeding to trial was erroneous, the error did not affect any substantial right of the appellant, and could not reverse the judgment. 2 G. & H. 122, sec. 101.

Sustaining the demurrer to the second, third, and fourth, paragraphs of the appellant's answer to the cross complaint is assigned for error, and insisted upon in argument; but as the abstract contains no statement of the nature or substance of these paragraphs, we do not examine the question.

Judgment affirmed, with costs.

Debolt *v.* Carter and Another.

FRAZER, J.—I do not concur in the opinion that a highway lying within the boundaries of an incorporated town is not a street in the sense of our various statutes, and not within the jurisdiction of the corporate authorities as fully as any other street. I am of quite the contrary opinion. Streets and highways in a town are all highways, and, in my opinion, are correctly designated by the use of either name. I can conceive of no possible practical good likely to result from holding that within such corporations some highways shall, as to the power of vacating them only, be under the jurisdiction of the corporation, while others shall be subject to the control of county commissioners. But I do perceive that embarrassment and confusion will continually flow from it. Thus, if an existing road be adopted as a street, it could only be changed or vacated by the utterly useless process of procuring the concurrent action of two independent bodies.

Then, the act of March 3d, 1859 (1 G. & H. 594), gives the corporate authorities complete control of the supervisor within the town. He must repair such ways as they order, and allow such to be or become impassable and useless as they may deem useless. What conceivable reason, then, could have moved the legislature to intend that, nevertheless, the county commissioners must be invoked to vacate any such way? There is none which seems to me satisfactory. It was never intended, I think. In the case of cities the matter is put beyond cavil or quibble. Acts 1865 (Spec. Sess.), p. 27, sec. 58. And in the last named act it is plain, I think, that the word "street" is used to signify "highway." Why should a highway have less sanctity in a city than in an incorporated town? I cannot impute to the legislature an intention to require a thing plainly useless, in the presence of language which, without violence to it, seems to admit of a different construction.

*J. Smith* and *M. Way*, for appellant.

*T. M. Browne* and *G. H. Bonebrake*, for appellees.