FERDINAND RUBE, PLAINTIFF IN ERROR, v. WILLIAM SULLIVAN AND JOHN MAUCH, DEFENDANTS IN ERROR.

1. **United States Homestead:** PUBLIC ROAD. Where a party has entered land under the homestead law of the United States, and made final proof, and complied with the law on his part to entitle him to a patent, he may make a valid dedication of a portion of said land for a public road, although the patent has not been issued.

2. **Roads:** DEDICATION. Ten years uninterrupted use of a public road will create a presumption of dedication, but a much shorter period will be sufficient, where the act of the owner from

which the dedication is inferred is clear and unequivocal, and accompanied or immediately followed by public use.

3. ——: ——. Unless there is some clear· and unequivocal manifestation of an intention to dedicate, dedication will not be presumed until after the lapse of ten years.

4. ——: EVIDENCE: TRESPASS. A party owning land, in fencing the same, left a strip along the section line, a rod or more in width, apparently for the use of the public for a public road, and it was traveled as such; but there was no proof of dedication or an intention to dedicate any of the land within the enclosure. *Held*, That without such proof the jury would not be justified in finding that any of the land within the enclosure had been dedicated to public use, and, therefore, a road overseer who removed the fence as an obstruction to the highway would be liable for the trespass.

ERROR to the district court for Cedar county. Tried below before BARNES, J.

*Wilbur F. Bryant, Bedford B. Boyd,* and *Thomas M. Franse,* for plaintiff in error, cited: *Smith v. Smith,* 34 Kan., 301. *State v. O'Laughlin,* 19 Id., 504. Thompson Highways, 244. *Harlow v. Humiston,* 6 Cow., 189. *Woodyer v. Hadden,* 5 Taunt., 137. *Logansport v. Dunn,* 8 Ind., 378. *Scott v. State,* 1 Sneed, 629. *Harding v. Jasper,* 14 Cal., 644. *Talmage v. Huntting,* 29 N. Y., 447.

*Guy R. Wilbur, William E. Gantt,* and *Gamble Brothers,* for defendants in error, cited: *Cincinnati v. White,* 6 Peters, 431. *Wilder v. St. Paul,* 12 Minn., 116. *Mankato v. Warren,* 20 Id., 148. *Mankato v. Willard,* 13 Id., 17. *Murray v. Butte,* 14 Pac. Rep., 656. *Simmons v. Cornell,* 1 Rhode Island, 519.

MAXWELL, J.

This action was brought by the plaintiff against the defendants, to recover damages for the removal of a fence

from an alleged public road. The plaintiff alleges in his petition that, "he is, and was at the time hereinafter mentioned, the owner in fee simple of the following lands and tenements: The south-east quarter of section ten in township 31 of range 2 east, in said county (Cedar), containing 160 acres of land according to government survey, in possession of said plaintiff at the time hereinafter named; that the said tract is inclosed and cultivated lands, and that a good wire, board, and rail fence was built, with good oak posts at proper distances from each other, enclosing said lands, prior to the day hereinafter named; that on the 30th day of November, A.D. 1881, the said defendants unlawfully and forcibly broke and entered upon the said lands of plaintiff, tore down the said fence standing upon said land, dug up the plaintiff's ground, trod down his grass, broke the plaintiff's boards, posts, wire, rails, and nails, rendering them unfit for use, and also then and there disturbed and have since disturbed the plaintiff in the use and occupation of said land, and have prevented and do prevent him from enjoying the same, as he otherwise would, to the plaintiff's damage, $200."

The defendants, in their answer, allege, "that on the 30th day of November, 1881, at the time the alleged trespass was committed, as alleged in plaintiff's petition, defendant, William Sullivan, was the duly elected and qualified overseer of roads in and for road district No. 4, in said Cedar county, Neb., aforesaid; that the south-east quarter of section 10, township 31 north, and range No. 2 east, in Cedar county, Nebraska, is within the boundaries of said road district No. 4 aforesaid; that the fence alleged to have been removed by these defendants was situated near the section line between the S. W. ¼ of Sec. 11, and the S. E. ¼ of Sec. 10, T. 31 N., R. 2 E., which said fence aforesaid was within the limits of a public road and highway, which said public road and highway lay along the section line between the S. E. ¼ of Sec. 10, and the S. W.

¼ of Sec. 11, township 31, range 2 E., and extended 33 feet on each side of said section line, and was an obstruction to said public road and highway; that the defendant, Sullivan, acting as overseer of roads within and for said road district No. 4, at the time alleged in plaintiff's petition, did enter upon said public road and highway, and did then and there remove said obstruction, to-wit, said fence, from said public road and highway, and that the defendant, John Mauch, acting by authority and under the direction of said defendant, Sullivan, overseer of roads as aforesaid, did aid and assist in the removal of said obstruction from the said public highway and road as aforesaid; that prior to entering upon said highway and removing said obstruction, to-wit, said fence, therefrom, said defendant, Sullivan, as such overseer of roads, did give said plaintiff sixty days' notice in writing, requiring said plaintiff to remove said obstruction, to-wit, said fence, and said plaintiff failed and neglected to remove the same."

On the trial of the cause a verdict and judgment were rendered in favor of the defendants.

The defendants claim the existence of a highway by dedication at the place where the trespass is alleged to have been committed. A patent from the United States to the plaintiff, issued in January, 1878, was introduced in evidence, from which it appears that the plaintiff entered the land in dispute as a homestead, under the laws of the United States. There is nothing to show, however, when he settled upon the land or made his final proof. The testimony tends to show that the plaintiff built the fence, which was removed by the defendants, about the year 1871. This fence was built about one rod, more or less, from the section line, the land thus left unenclosed apparently being designed as part of a public road. There seems to have been a considerable amount of travel along the line as early as 1871, and this continued until the time of the trial. There is also testimony tending to show that James

Sullivan, a brother of one of the defendants, owned the land adjoining that of the plaintiff, and some two or three years before the trial had fenced the same, leaving sufficient space, however, for one-half of a public road between the plaintiff's land and his own. The testimony tends to show, and the jury would be warranted in finding, that that portion of the plaintiff's land not enclosed was designed for the use of the public, and dedicated by him to that use.

Objection is made on behalf of the plaintiff, that the power to dedicate did not exist until he had acquired the legal title to the land. Undoubtedly only the owner can make a valid dedication; but when a party has made final proof, and complied with the law in all respects, he is in fact the owner, although the patent may not issue for years afterwards; besides, the patent, when issued, protects all his rights from the date of the original entry. Such owner, therefore, after making a dedication, will be estopped to deny the validity of his own acts. The authorities are not entirely in accord as to what length of time is necessary to create a presumption of the dedication of private property to the use of the public for a street or highway, for the reason, probably, that the presumption does not depend alone on the length of time, other circumstances being necessary to be considered. Ten years' uninterrupted use will create the presumption, but a much shorter period will be sufficient where the act of the owner from which the dedication is inferred is clear and unequivocal, and accompanied or immediately followed by public use. *Denning v. Roome*, 6 Wend., 651. *R. v. Patrie*, 30 Eng. Law and Eq., 207. But unless there is some clear and unequivocal manifestation of an intention to dedicate, there will be no presumption of dedication until after the lapse of ten years. *Hoole v. Attorney General*, 22 Ala., 190. *Noyes v. Ward*, 19 Conn., 250. *State v. Thomas*, 4 Har., 568. *State v. Gregg*, 2 Hill, 587. *Penquite v. Lawrence*, 11 Ohio State, 274. *Epler v. Niman*, 5 Ind., 459.

*Lewiston v. Proctor*, 27 Ill., 414.    *Jackson v. Smily*, 18 Ind., 247.    *Dodge v. Stacy et al.*, 39 Vt., 560.    *Graham v. Hartnett*, 10 Neb., 517.    *State v. Otoe County*, 6 Neb., 133.

The question is one of fact for the jury to determine from the evidence.    Where the only evidence of dedication is mere user by the public, and the road is bounded on that side by a fence, there is no presumption that the dedication was intended to include land within the inclosure; but no doubt it may be shown that the full width of a road was intended to be dedicated.

In the case under consideration, there is no proof whatever that the plaintiff intended to, or did, dedicate any portion of the land within his enclosure to the public for a road.    Such proof was necessary in order to justify the jury in finding a verdict for the defendants.    The judgment, therefore, must be reversed.

There is some proof tending to show that in the year 1871 a public road was located along the land in question, but the record was not introduced for the purpose of showing a public road at that place, and therefore cannot be considered.    There is also some testimony tending to show that the plaintiff gave his assent to the location of such road, and that he claimed damages for the cost of moving his fence.    These questions may be considered in another trial, but they are not presented in such a form as to be available in this.

The judgment of the district court is reversed, and the cause remanded for further proceedings.

REVERSED AND REMANDED.

. THE other judges concur.