O. M. ROBISON, APPELLANT, V. JULIUS GEBAUER ET AL.,
APPELLEES.

FILED APRIL 3, 1915. No. 18766.

Highways: DEDICATION. Where a landowner has placed fences on each
    side of a traveled way across his land, leaving an intervening
    space of the width of a public highway, and the public has en-
    tered upon and used the intervening space as a highway for
    nearly ten years with the owner's acquiescence, dedication may
    be inferred, though such use has not continued for the entire
    statutory period of ten years.

APPEAL from the district court for Morrill county:
RALPH W. HOBART, JUDGE. *Reversed with directions.*

*Williams & Williams,* for appellant.

*G. J .Hunt, contra.*

HAMER, J.

This is an action by a road overseer in Morrill county to
enjoin defendants from fencing up a road across their
premises. The district court refused to grant the injunc-
tion, and plaintiff has appealed.

Defendants took up their land as a homestead in May,
1903. The roadway in controversy crosses it. In the fall
of 1903 defendants built a fence north of the roadway. In
the spring of 1905 they built a fence further south, leaving
a roadway about four rods in width. The public has used
this open strip as a highway for a little less than ten years.
The evidence tends to show a dedication to the public use
and an acceptance by the public, though defendants deny
that they intended to dedicate the roadway to that purpose.

In *Rube v. Sullivan,* 23 Neb. 779, it was said: "The au-
thorities are not entirely in accord as to what length of
time is necessary to create a presumption of the dedica-
tion of private property to the use of the public for a
street or highway, for the reason, probably, that the pre-
sumption does not depend alone on the length of time,

other circumstances being necessary to be considered. Ten years' uninterrupted use will create the presumption, but a much shorter period will be sufficient, where the act of the owner from which the dedication is inferred is clear and unequivocal, and accompanied or immediately followed by public use. *Denning v. Roome,* 6 Wend. (N. Y.) 651; *Regina v. Petrie,* 30 Eng. Law. & Eq. 207. But unless there is some clear and unequivocal manifestation of an intention to dedicate, there will be no presumption of dedication until after the lapse of ten years."

The user by the public in this case is less than ten years, but acts of defendants evidencing their intent create a presumption of dedication. The space left between the two fences built by the defendants was about four rods, the width of a legal highway. Defendants' statement of intention is not conclusive. A text-writer says: "There is no reason why the ordinary rules of presumptive evidence should not apply to cases of dedication as well as to other cases where the title to real property is in controversy, and, if this be correct, it must follow that the person against whom the dedication is asserted should be held to intend the reasonable and necessary consequences of his act." 1 Elliott, Roads and Streets (3d ed.) sec. 175.

"The confusion in the authorities can, in a great measure, be cleared away by holding that the extent and character of the use may furnish evidence of intention to dedicate, although it has not continued for the statutory period, and that, when the user has been such as would indicate to prudent men that the public claim is, as of right, to the way as a street or road, and the owner is fully aware of the extent and character of the use and makes no objection, it will be presumed that he intended to throw the way open to the public. This rule does not dispense with the necessity of proving the *animus dedicandi,* but allows it to be inferred from legitimate evidence, and thus secures public and private interests from injury. It is, of course, generally essential that the use should be with the knowledge of the owner and without interruption from him, and that it should not be under a mere license, but that it

should be such a use as in its nature and extent asserts, by necessary implication, a claim of right. If the user falls short of this, it cannot be considered as supplying evidence sufficient, of itself, to authorize, as against the owner, the presumption of an intention to dedicate, although it may be material when connected with other evidence upon that question." 1 Elliott, Roads and Streets (3d ed.) sec. 179.

The rule stated in 13 Cyc. 482, is as follows: "Where land has been used continuously by the public with the owner's acquiescence for such a length of time that private rights and the public convenience and accommodation will be materially affected by an interruption of the enjoyment, a dedication will be presumed. Under these circumstances no specific length of user is necessary to constitute a valid dedication. It is not necessary that the use should be for the term of years necessary to presume a grant, but may be for a less term. But the length of time of enjoyment is a fact for the jury to consider as tending to prove an actual dedication and an acceptance by the public."

Under all the evidence in this case, it may fairly be said that defendants have dedicated the strip of land in controversy for a highway and the same has been accepted by the public. For this reason, the judgment of the trial court is reversed and the cause remanded, with directions to enter judgment for a permanent injunction in favor of plaintiff.

                                                      REVERSED.

MORRISSEY, C. J., not sitting.