'EPLER *v.* NIMAN.

In a suit by a supervisor for the obstruction of a county highway, a certified transcript of the proceedings of the board of commissioners establishing the highway, was, under the R. S. 1843, admissible in evidence.

A public road, not recorded, which had been used for twenty years or more, was, under the act of 1849, a public highway.

A road which by twenty years' use becomes a public highway, is of no established width by law; but its width as used at the end of twenty years, can not legally be intruded on.

The highway act of 1849 required that the persons to be appointed viewers of a proposed highway, should be disinterested freeholders.

*Held*, that a person who had signed a petition for the road, was not a disinterested freeholder.

*Held*, also, that in a suit for obstructing the road, an objection that one of the viewers was a petitioner therefor was fatal.

A person who had obstructed a county road was not entitled, under the act of 1849, to notice to remove the obstruction, before the bringing of suit.

ERROR to the *Marion* Circuit Court.

DAVISON, J.—*Niman*, a supervisor, sued *Epler*, before a justice of the peace, for obstructing a public highway. The suit was founded on section 126 of an act approved *January* 16, 1849. That section provides, that "If any person shall obstruct any public road," &c., "unnecessarily, and to the hindrance of passengers, such person shall forfeit a sum not exceeding ten dollars for every such offence, and the further sum of one dollar for each day he may suffer such obstruction to remain to the hindrance of passengers," &c. Acts of 1849, p. 116. The charge is that *Epler* did, on the 15th of *March*, 1850, at, &c., unnecessarily, and to the hindrance of passengers, obstruct a

*Wednesday, December 6.*

public road, &c., in district number five in *Centre* township, *Marion* county, by then and there constructing and maintaining a fence, &c., on, along and upon said road, &c., and by continuously thereafter, for a period of forty days, suffering such obstruction to remain, &c.   Before the justice the supervisor recovered a judgment, from which *Epler* appealed.   In the Circuit Court there was a verdict for the plaintiff.   New trial refused and judgment, &c.

It appears by a bill of exceptions, that the plaintiff offered a transcript of the proceedings of the board of county commissioners at their *June* term, 1846, establishing the road in question, and directing it to be opened, &c.   This transcript, over the defendant's objection, was admitted. The Court ruled correctly.   The transcript was clearly admissible in evidence under a statutory provision then in force.   R. S. 1843, p. 182, s. 9.   These proceedings showed that the board, at its *March* term, 1846, on petition, appointed *Thomas Woolen, James McIlvain* and *Samuel Lake*, viewers, to view and report relative to said road; which duty they performed at the next *June* term, by reporting in its favor; that this report was received and recorded, and the road ordered to be opened and repaired, &c.

It was proved that *Samuel Lake*, one of the above-named viewers, was also a petitioner for the road; that the fence which created the obstruction was built by the defendant in *March*, 1850; and that the road where it was obstructed had been used as a public highway for more than twenty years prior to that time.

In relation to this proof, the Court instructed the jury as follows:

" A road which by twenty years' use becomes a public highway is of no established width by law; but the width as used at the end of twenty years can not legally be intruded upon by any one.

" If it appears that one of the petitioners for the highway was appointed and acted as a viewer, the establishment of the road under the order of the board is void, and the jury will try the case upon the law concerning a highway established by twenty years' use."

These instructions appear to be unobjectionable. Section 13, of chapter 16, R. S. 1843, provides that when a petition for a highway shall be presented to the board, they shall "cause the same to be publicly read, and upon proof of notice," &c., "shall appoint three disinterested freeholders of the county as viewers of such highway." *Lake* having signed the petition, was a party before the board, and committed in favor of the contemplated road. He was therefore interested in the result of the proceeding, and could not, within the intention of the law, be a "disinterested freeholder." In the *Radnor Road*, 5 Binn. 612, it was decided that the proceedings in that case were subject to a fatal objection, because one of the petitioners for the road had been appointed a viewer and had acted as such. *Ex parte Hinckley*, 8 Greenleaf 146. From this it seems that the present suit is not maintainable upon the order of the board.

The remaining inquiry is, can the judgment be supported on the ground that, at the point of the alleged obstruction, there was a valid road established by twenty years' continued use?

This question is answered by section 55 of the act of 1849, which provides, that "all public roads, not recorded, which have been or shall be used for twenty years or more, shall be deemed public highways." Acts of 1849, p. 108. Whether the road under consideration was or not within the provision just quoted, was a question for the jury. Under a proper charge from the Court, they have decided that question, and in looking into the evidence we are inclined to believe that their decision, on that branch of the case, at least, is clearly right.

Upon the inquiry whether the road was obstructed "unnecessarily and to the hindrance of passengers," there is some conflict in the evidence; but we are of the opinion that the weight of it supports the verdict.

The supervisor himself was produced as a witness. He testified that he "notified the defendant to remove the obstruction." This was all the evidence on the subject of notice. And in reference to it the Court charged that

Nov. Term,
1854.

"to maintain the action, the plaintiff must have proved that the defendant was legally notified to remove the obstruction before this suit was brought."

If, as assumed by the instruction, a notice before suit was at all necessary, the evidence on that subject is deficient; but was such notice requisite? We are referred to section 114 of the above act; but that provision is not applicable to the case before us. It applies only where the party is "liable" because he has neglected and refused to do a thing which the law required him to do. But in this case the defendant's act was not a "neglect" or "refusal" to do anything which it was his duty to perform; he was guilty of an act of wilful wrong—an intentional violation of law. There is nothing in the statute or the nature of the charge against the defendant which seems to indicate that, in the present case, he was entitled to notice before suit.

*Per Curiam.*—The judgment is affirmed, with 5 per cent. damages and costs.

*J. L. Ketcham* and *N. B. Taylor*, for the plaintiff.
*L. Barbour* and *A. G. Porter*, for the defendant.