HAYS *v.* THE STATE.

Nov. Term,
1856.

HAYS
v.
THE STATE.

| 8 | 425 |
|---|---|
| 147 | 497 |
| 8 | 425 |
| 165 | 130 |

Prosecution for obstructing a highway. The State proved that the road had been used and worked as a public highway for fifteen years, except that for the last three years it had been used, but not worked; and that the defendant had obstructed it by building fences across it. Verdict for the State. *Held,* that the evidence was sufficient to sustain the verdict.

Where the proceedings for opening a highway show the termini thereof, and that its course is to follow that 'of the *Ohio* river, *held,* that the beginning, course, and termination of the road are sufficiently shown within the intention of section 2, p. 446, R. S. 1831.

The courts take notice of the geography of the country.

By statute, user of a highway for twenty years is an absolute bar; but a highway may be established by user for a shorter period.

APPEAL from the *Posey* Court of Common Pleas.

GOOKINS, J.—The appellant was prosecuted for obstructing a highway. Plea, not guilty. Verdict for the State, new trial refused, and judgment.

*Saturday, January* 10, 1857.

The only question in the case is, whether there was evidence sufficient to support the verdict. The information describes the highway as " being commonly known as the river road, running from *Mount Vernon* in the direction of *West Franklin.*" The obstruction is alleged to have been by building two fences across said road, where it passed through defendant's farm, which lay immediately east of the west line of *Marrs* township, in said county.

On the part of the State, it was proved that the defendant obstructed the road in the manner stated in the information; and that the road had been used and worked as a public highway for fifteen years, except for the last three years, during which time it had been used, but not worked by a supervisor.

The defendant, thereupon, gave in evidence a record of the board of commissioners of *Posey* county, made in 1836, for the purpose of opening a highway "from *Mount Vernon* to *Diamond Island Ferry,* along the banks of the *Ohio* river." The record contained the petition,

Nov. Term, 1856.

HAYS
· v.
THE STATE.

an order for the appointment of viewers in which the road was described as above, a report of the viewers that the road would be of public utility, and an order of the board of commissioners that the road be opened and kept in repair as a public highway, to the width of forty feet. The defendant also proved that this was the same road mentioned in the information.

The appellant insists that the proceedings for establishing the road were void for uncertainty, because they did not specify the "beginning, course, and termination" of the road, according to R. S. 1831, p. 446, s. 2, under which the proceedings were had. We are inclined to think these are shown with sufficient certainty for the purposes of this action. The beginning was at the town of *Mount Vernon*, the course, along the bank of the *Ohio* river, and the termination at *Diamond Island Ferry*. Courts will take notice of the geography of the country. However this may be, the evidence offered by the State was sufficient to sustain the finding. Whatever may have been the condition of other parts of the road, a space passing through the defendant's land had been used as a highway for fifteen years. This he obstructed by building fences across it. The user thus proved was at common law sufficient evidence of a dedication or grant. 2 Greenl. Ev. s. 662, and authorities there cited. The appellant insists that if a highway can be established by less than twenty years' user, it will render superfluous and unnecessary a provision of the statute which declares that all public highways which have been used or may hereafter be used as such for twenty years or more, shall be deemed public highways. 1 R. S. p. 315, s. 45. We think otherwise. Twenty years' use this statute makes an absolute bar; but Mr. *Greenleaf* says (and we think the authorities sustain him), that the right of the public does not rest upon a grant by deed, nor on a twenty years' possession; but upon the use of the land, with the assent of the owner, for such a length of time that the public accommodation and private rights might be materially affected by an interruption of the enjoyment.

The appellant relies upon the case of *White* v. *Conover*, 5 Blackf. 462. That was an action of trespass for cutting timber. The defendant justified under an order of a board of commissioners for opening a road, of which they had failed to specify the width, as required by the statute. It was held that the order was void, and that the limits of the road on both sides should have been defined. In that case there was no user, and we are not disposed to apply the doctrine of it to those in which there has been so long an acquiescence as is shown in this case. Here, the order fixed the width of the road at forty feet, and the use fixed the locality, so that there was no uncertainty, as in *White* v. *Conover*, as to the particular ground of the plaintiff the public were entitled to occupy and use. Public justice and public convenience require that highways so long used and acquiesced in, should be considered as established.

*Per Curiam.*—The judgment is affirmed with costs.

*A. P. Hovey*, for the appellant.

*J. P. Edson*, for the State (1).