*May Term, 1858.*

THE STATE v. HILL.

---

THE STATE v. HILL.

The use of land for a highway for such a length of time that public accommodation and private rights might be materially affected by an interruption of the enjoyment, is sufficient to raise a presumption that the owner intended a dedication to the public.

It is not necessary under our statute that the highway should have been established by authority.

APPEAL from the *Marion* Court of Common Pleas.

DAVISON, J.—Information for obstructing a public highway. Plea, not guilty; and verdict of acquittal. The state appeals upon a reserved case.

Upon the trial, it was, among other things, proved that the highway charged to have been obstructed, had not been laid out and established, in any mode prescribed by law. And the evidence being closed, the counsel for the state moved to instruct as follows:

"If the jury believe that the road in question had been used and traveled by the public, and worked by competent authority for a series of years, say from ten to fifteen years next before the alleged obstruction, and that the obstruction complained of had been placed upon the road by the defendant, they should find him guilty."

*Friday, May 28.*

This instruction was refused.  But the Court instructed that—

"If the jury believe from the evidence that the road charged to have been obstructed has been worked by competent authority, and used by the public, uninterruptedly, for twenty years next before the alleged obstruction, they should find the defendant guilty, if it has also been proved that he obstructed the road as charged."

. The instruction given is evidently based upon section 45 'of an act relative to the opening, &c., of highways, which declares that "All public highways which have been, or may hereafter be, used as such for twenty years or more, shall be deemed public highways." 1 R. S. p. 315. But we have given a construction to that section which does not favor the ruling of the Common Pleas. In *Hays* v. *The State*, 8 Ind. R. 425, it was held that that statute, though it makes twenty years user an absolute bar, does not impair the right of the public to insist upon a dedication, in accordance with the common-law rule. And under that rule, it has been decided that the unopposed user of a highway by the public, over the land of an individual who is cognizant of the fact, for a much less period than twenty years—say four or five years—was sufficient to raise the presumption of a dedication. Indeed, the weight of authority seems to be, that the use of land for a highway for such a length of time that public accommodation and private rights might be materially affected by an interruption of the enjoyment, would be evidence that the owner intended a dedication to the public. *Jarvis* v. *Dean*, 3 Bingh. 447. —2 Greenl. Ev. § 662.

The statute upon which this prosecution is founded, does not require that the highway obstructed should have been established by competent authority. And if, in this instance, it had been used, traveled and worked on, uninterruptedly for ten, or even a less number of years, the jury had the right to infer a dedication by the owner of the land over which the highway passed, and, consequently, to find that the defendant had no right to obstruct it. It follows

that·the instruction of the Court is erroneous, and the one refused should have been given.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*J. S. Tarkington*, for the state.