HART *v.* THE TRUSTEES OF BLOOMFIELD TOWNSHIP, on the relation of WEIR, SUPERVISOR, &c.

A road which has been used by the public uninterruptedly for twenty years, becomes a public highway ; and its width, as used at the end of that time, is the established width of the road.

*Friday,*
*December 7.*

APPEAL from the *La Grange* Common Pleas.

DAVISON, J.—The appellees, who were the plaintiffs, instituted this suit before a justice of the peace, against *Hart*, alleging in their complaint, that the defendant did, unnecessarily, and to the hindrance of passengers, obstruct a certain highway, (describing it,) and still continues such obstruction, wherefore, &c.  Before the justice, the plaintiffs obtained judgment, from which the defendant appealed.  In the Common Pleas there was a trial of the cause, which resulted in a similar judgment.

The evidence is not all in the record; but the Court, to whom the cause was submitted for trial, at the instance of the defendant, found specially as follows: " The road was seventy

rods long. In some places, say fifteen rods in length, it was Nov. Term. only six or eight feet wide, and in others, of the width of ten 1860. or twelve feet. It was bounded on each side by young trees, HART or bushes, from ten to fifteen feet high, and so large that no v. THE TRUS- team could bend them down. These trees had grown up con- TEES OF tiguous to the track, leaving it of the width above stated. BLOOMFIELD TOWNSHIP. Prior to the obstruction sued for in this action, the public had, without interruption, used the road, continuously, for twenty-one years, having no right so to use it, except from such continued use."

At the proper time, the defendant moved for a judgment in his favor, on the alleged ground, that it appeared from the special findings of the Court, that the road in question was not a public highway; but his motion was overruled, and thereupon he moved for a new trial, which motion was also overruled, and he excepted. These rulings are assigned for error; and the only question to settle is, was this road a public highway, within the statute on which the suit is based? That statute enacts that, "Every person who shall unnecessarily, and to the hindrance of passengers, obstruct any highway, shall forfeit the sum of five dollars, to be recovered before a justice of the peace, in the name of the township trustees, by the supervisor of the district," &c. And, further, it provides that, "All public highways which have been, or may hereafter be, used as such, for twenty years, or more, shall be deemed public highways." 1 R. S., § 45, p. 315; § 25, p. 467. It is insisted that the road, in this case, being of no established width, is not within the control of the supervisor, and is not, therefore, a statutory highway. This position is not strictly correct. We have decided that, " A road which has been used by the public, continuously, for twenty years, becomes a public highway, and is of no established width by law; but its width, as used at the end of twenty years, can not, legally, be intruded on." *Epler* v. *Niman*, 5 Ind. 459. This decision seems to be precisely in point, because, here, the public had used the road without interruption for twenty-one years, hence, it was a public high-way under the statute, and its width at the end of twenty years was its established width. See, also, *The State* v. *Hill*,

Nov. Term, 1860.

10 Ind. 219. In view of these decisions, we are of opinion that the judgment, on the special finding, is not erroneous.

*Per Curiam.*—The judgment is affirmed, with 5 per cent. damages and costs.

*A. Ellison*, for appellants.

*R. Parrett*, for appellees.