## HOLCRAFT *v.* KING and Others.

PRACTICE.—Where an argumentative or special denial is filed in connection with a general denial, the former may be stricken out on motion.

SAME.—Where a proper result has been reached, this court will not reverse a judgment because of an error in the mode in which the result was reached.

HIGHWAYS.—Public highways may be established in this State, First. By order of the board of commissioners of the county. Second. By express grant. Third. By dedication, arising by presumption from continued use for a considerable time with the knowledge of the owner, and without objection on his part.

SAME.—A public highway, however established, cannot be altered or changed at the will of the owner of the land over which it passes.

PLEADING.—AMENDMENT.—As a general rule, no material amendment can be allowed to a pleading after the cause has been submitted to the jury, or a finding has been announced by the court.

PLEADING.—Where it is apparent to the court that several paragraphs of a complaint are founded on the same cause of action, without any substantial variance in the form or legal effect of their respective averments, all but one of them should be stricken from the record.

SAME.—TRESPASS.—Each separate act of trespass to land may be made the foundation of a separate action, or may be included in the same action in separate paragraphs, or, if of the same character, may be included in the same paragraph, under the averment after the day named, "and on divers other days," within a given period of time.

SAME.—Complaint in three paragraphs for trespass to lands. Each paragraph alleged the trespass to have been committed on the same day, "and at divers other times since that time and before the commencement of this action," and the act of trespass was described in all of the paragraphs in the same terms.

*Held,* that each paragraph of the complaint covered all of the alleged trespasses, and in justifying by answer the trespasses charged in one paragraph, the defendant in fact justified all, though his answer in terms professed to be directed to one paragraph only of the complaint.

PRACTICE.—Where an answer to a complaint in three paragraphs professes, in terms, to answer only the first, a motion, after verdict for the plaintiff, for a judgment " on the pleadings," is too vague and indefinite.

APPEAL from the *Clinton* Circuit Court.

ELLIOTT, J.—*Holcraft* sued *King* and others for an alleged trespass upon his land.

The complaint contained three paragraphs. The first alleges that the defendants, on the 3d day of *March*, 1864, and at divers other times since then, and before the commencement of the suit, maliciously, &c., and falsely pretending that the plaintiff was obstructing a public highway, and claiming the right to remove such obstruction, with force and arms unlawfully entered upon the plaintiff's premises, which are described, and then and there unlawfully, &c., tore down and destroyed a large amount of fencing and other improvements there standing and belonging to the plaintiff, &c.

The second paragraph alleges that the defendants, on the 7th of *March*, 1864, "and at divers other times since that time, and before the commencement of the action," with force and arms, &c., "entered upon the plaintiff's premises, situated in said county of *Clinton*," &c., and "tore down and destroyed a large amount of fencing and other improvements belonging to the plaintiff, whereby," &c.

The third paragraph alleges that the defendants, on the 1st day of *March*, and at divers other times, encouraged and directed divers persons to enter upon the plaintiff's premises, situated at, &c., and that, by reason of said instigation, said persons did enter upon the plaintiff's premises at, &c., and destroyed a "large amount of fencing and other improvements then and there situated," the property of the plaintiff, &c.

*King* answered separately, alleging that the *locus in quo* was a public highway; that the plaintiff unlawfully obstructed the same by building said fences across it; that he, said *King*, was, at the time of the alleged trespass, supervisor of the road district in which said highway and fences were situated, and in the discharge of his duties as such, he tore down and removed so much of said fence as obstructed said highway and no more, doing thereby no more damage than was necessary, &c.

The other defendants joined in an answer of two paragraphs in justification. The first alleges that the *locus in*

*quo* was a public highway, dedicated to the public as such; that the plaintiff had unlawfully built said fences across said highway, and thereby obstructed the same; that said defendant, *King*, was the supervisor of the road district in which said highway and fences were situated, and said defendants, being citizens of said district and liable to work the roads therein, by the order and direction of said *King*, as such supervisor, did tear down and remove so much of said fences as obstructed said highway, and no more, which is the same trespass complained of, &c.

The second paragraph is substantially the same as the first, except that it does not aver that they tore down the fences by the order of the supervisor.

The plaintiff replied: 1st. To the answer of *King*, and the first paragraph of the answer of the other defendants, that he denied the allegations therein, inconsistent with the allegations in the complaint. 2d. To all the paragraphs of both answers, that, in the year 1847, the Board of Commissioners of *Clinton* county, upon proper proceedings, ordered and directed that a public highway be opened from the center of section 13, in township 20 north, of range 1 east, running thence north on the half section line, through the middle of said section 13 and also section 12, in township and range aforesaid, until it should intersect the *Strawtown* and *Lafayette* State road, and also ordered and directed the proper supervisor to open the same and keep it in repair; that, in attempting to obey said order, the said supervisor, as to that part of said road involved in this action, opened the same, not upon said half section line, but, on an average, about three rods to the west thereof, and for a distance of about 160 rods in length, and entirely upon an eighty acre tract of land belonging to the plaintiff, thereby cutting off a slip of the width and length aforesaid, which was thus detached from the main tract and rendered worthless to him, he not owning the land adjacent on the east; and that at the time said road was so opened, the plaintiff did not know that it was not on said half section line, and that if he had

known that it was not, he would not have consented to the opening thereof where it was, but would have required it to be opened on said line as required by the board of commissioners; that he did not then, nor does he now, intend to dedicate a road to the public on different ground than that required by said order; that he did not know of said mistake until within a year then next preceding, when he and others caused said line to be surveyed and ascertained by the county surveyor, which revealed said error and mistake; that thereupon the plaintiff, with the consent of the adjacent land holder on the east side of said line, laid off and made a track for said road of the full and proper width, and caused the same to be made as good as the old track, and placed upon better ground and upon a shorter line, and thereupon he closed up the old track by including the same within his fences, and opened the new track for said highway, between proper fences, for the use of the public, all of which facts were fully known to the defendants, who unlawfully, and under pretext of public authority, wrongfully entered the plaintiff's close, &c. It is further alleged that, at the time said road was originally opened, the said *Strawtown* and *Lafayette* road ran from the west side of section 12, in a direction a little south of east, and nearly through the middle of said section, but that, about four years since, said *Strawtown* and *Lafayette* road was changed by proper legal proceedings, and thrown about 13 rods north of its former track, thereby removing it that distance from the point where the road in controversy intersected it, and thereby cutting off communication with it, there being no highway continuing the same to said *Strawtown* road, as newly located. "The plaintiff being the owner of the intervening land, which is also a part of the *locus* of the trespass complained of, was under no obligation to open and extend said road, and did not, and does not, do so, except on the half section line; that he has opened said extension on said line, and is willing there to dedicate a road to the public; but the

defendants, by their said wrongful acts, entered upon the plaintiff's close, on the ground not covered by said dedication, as well as elsewhere as set up in said complaint."

The court sustained a demurrer to the second paragraph of the plaintiff's reply, to which he excepted, and this raises the first question presented in the case.

The defendants justify tearing down the plaintiff's fences because they say they were built across a public highway, and thereby obstructed and prevented the use of such highway. The first paragraph of the reply is a general denial; and the second paragraph, to which the court sustained a demurrer, is, at most, but an argumentative denial of the fact alleged in the answer, that the place where the alleged trespass was committed was a public highway, and should, therefore, have been stricken out on motion. The objection was not properly taken by demurrer, but a proper result having been attained by the decision of the court, the case should not be reversed for an error of the court in the mode in which it was effected.

The court, to which the case was submitted for trial without a jury, found the facts specially as follows:

"The court finds that the fences built over and across the road, where the trespasses were alleged to have been committed by the defendants, were erected by the plaintiff; that said road, except 13 rods, was ordered to be opened as a public highway by the board of commissioners, on the half section line of sections 12 and 13, township 20, range 1 east, in the year 1847; that, shortly after the said order was made, it was located and opened on the route where the obstructions were placed by the plaintiff, and has been worked by the supervisors of the road district, and used as a highway by the public for fifteen or sixteen years continuously, and without objection until said fences were erected over and across the same by the plaintiff, on or about the time of the alleged trespass; that, some four or five years since, a change was made on the petition of the plaintiff and others, in a part of the *Newcastle* road, which

rendered it necessary to extend the said road thirteen rods, so as again to intersect the said *Newcastle* road; that said thirteen rods were opened up by the plaintiff himself, and had been worked by the supervisor of the proper road district, and used by the public as a highway some four or five years, with the knowledge and without objection on the part of the plaintiff, until the erection of said fences across the same; that one of the fences erected by the plaintiff over and across said road was on the thirteen rods above mentioned.

"The court finds that said road, through mistake, was not, in fact, located and opened upon the half section line, as directed and intended by the original order of the board of county commissioners, but some four and one-half rods west of said line. The court further finds that, some eight or ten years since, a survey was made by the county surveyor, by which it was ascertained that said road was not on the half section line, but some four or four and a half rods west of said line, and that the plaintiff was present at the time, and was so informed by said county surveyor, and that he has known from that time that said road was not on said half section line. The court further finds that the defendant, *King*, was, at the time of the alleged trespass, supervisor of the road district in which was embraced the road where said fences were erected by the plaintiff, and that having been notified as supervisor, by one of the citizens of said road district, that said road was obstructed, and to remove and clear off the same, the said supervisor notified, ordered and directed the other defendants, who were citizens of said road district, to remove the same, which they did, in an orderly and peaceable manner; and that the removal of said fences, so erected across and over said road, constituted all the trespasses, if any, committed by the defendants. The court further finds that the plaintiff, before erecting said fences, opened up a road on the half section line for the use of the public; but finds that the same, although the

natural ground might be as good, was not opened up as wide or put in as good condition and repair, and was not as convenient and as well adapted to the public use as the old road; that, on account of the trees standing along side of said new route or road, and the stumps in and along the same, it would require a very considerable amount of labor on the part of the citizens of said district to make the same as good as the old road. The court finds, from the foregoing facts, for the defendants."

The plaintiff moved the court, upon written reasons filed, for a new trial, which motion the court overruled. The evidence is not in the record, and the only reason filed for a new trial that we can notice is, that the finding of the court for the defendants upon the facts found, is contrary to law.

It is not necessary that we should determine the question of the validity of the alleged highway, as located and opened by virtue of the order of the county board authorizing the location of a road on the half-section line.

Public highways may be established in this State, first, by order of the board of commissioners of the county; secondly, by express grant; thirdly, by dedication, arising by presumption from a continued use of the place for a considerable period of time by the public as a public highway, with a knowledge thereof by the owner, and without objection on his part. In this case, the finding of the court shows that the way obstructed by the plaintiff had been opened, worked and used by the public as a public highway for a continuous period of fifteen or sixteen years, of which the plaintiff had full knowledge, if not for the whole period, for at least eight or ten years, and that during all the latter period he also knew that it was not on the half-section line. With a knowledge of these facts, he not only did not object, but, on the contrary, some four or five years prior to the time of the alleged trespasses, voluntarily opened an extension thereof of thirteen

rods, so as to connect it with the *Newcastle* road, and thus invited the public to use it as a public highway, and it was accordingly so used and worked.

These facts, we think, raise a clear legal presumption of a dedication by the plaintiff of the ground occupied by the road as a public highway. *Hays* v. *The State*, 8 Ind. 425; *The State* v. *Hill*, 10 Ind. 219; *Phipps* v. *The State*, 7 Blackf. 512, and authorities there cited. See, also, *The President, &c.* v. *The Lessee of White*, 6 Peters 431, and the authorities cited in that case.

Nor can the fact that the plaintiff opened a way on the section line for the use of the public affect the question. A public highway, however established, cannot be altered or changed at the will of the land owner. *Weathered* v. *Bray*, 7 Ind. 706.

It also appears by a bill of exceptions that, after the motion for a new trial was overruled, the "plaintiff moved the court for judgment in his favor on the pleadings," which the court overruled, and the plaintiff excepted. The defendants then, upon an affidavit filed by *Leander McClurg*, asked leave of the court to amend the introductory part of the answer of the defendant *King*, by inserting after the figure "1st" the figures "2d and 3d," so as to make said answer appear to be responsive to the second and third paragraphs of the complaint, as well as to the first, and the court, over the objection of the plaintiff, permitted said amendment to be made, which is also assigned as error, and the court thereupon rendered judgment for the defendants. The affidavit upon which the amendment was allowed by the court, states in substance that the answers were drawn in vacation, at which time the attorney thought of filing a demurrer to the second and third paragraphs of the complaint, and drew the answer to apply to all the paragraphs if the demurrer should be overruled, but left a blank to be filled up in that event, for the figures "2d and 3d;" that he afterwards determined not to file a demurrer, and

then filed the answer, intending it to apply to all the paragraphs, but, by inadvertence and oversight, failed to fill up the blanks left in the answer for that purpose.

As a general rule, no material amendment to the pleadings can be allowed after a cause has been submitted to the jury, or a finding announced by the court, and especially if by the amendment the material rights of the opposite party upon the merits of the cause would be affected.

It is also a well settled rule that each paragraph of a complaint is to be regarded as a distinct cause of action. Separate paragraphs of the same complaint may be, and often are, founded on distinct causes of action having no relation to each other, while it often occurs in practice that the several paragraphs of the same complaint are based on one and the same cause of action, varying in their allegations so as to meet the proof in different forms. Proper prudence may often require the pleader to adopt this mode of pleading, though perhaps less frequently under our present code and liberal statute of amendments than under the former practice. The record, however, should not be incumbered with a useless repetition of the same pleading, and where it is apparent to the court that the several paragraphs of a complaint are founded on the same cause of action, without any substantial variance in the form or legal effect of their respective averments, the court should, on motion, strike all but one of them from the record.

In an action of trespass to lands by the same defendant, each separate act of trespass may be the foundation of a separate action, or separate paragraph in the same complaint, or, if of the same character, they may be included in the same paragraph under the averment, after the day named, "and on divers other days," within a given period of time. *Rucker* v. *McNeely*, 4 Blackf. 178; 2 Blacks. Com. 212; 1 Saund. R. 24, n. 1.

In the case under consideration, each of the paragraphs of the complaint alleges the trespass to have been com-

Holcraft *v*. King and Others.

mitted on, &c., "and at divers other times since that time and before the commencement of this action," while in each the act of trespass complained of is charged in precisely the same terms, viz., "tore down and destroyed a large amount of fencing and other improvements there standing and belonging to the plaintiff."

It is, therefore, apparent that each paragraph of the complaint covered all the alleged trespasses, and hence in justifying those under one paragraph, the defendants in fact justified all, though the introductory part of the answers did not in terms profess to answer the second and third paragraphs of the complaint.

The answers, in all other respects, were equally applicable to all the paragraphs. The whole case upon its merits was evidently submitted to the court by the parties for trial, and fairly tried, and the court in finding that the defendants removed the fences from the public highway, also find that such removal constituted all the trespasses, if any, committed by the defendants. Under these circumstances, we do not think the court, in permitting the amendment, committed any error for which the plaintiff can claim a reversal of the judgment.

The plaintiff's motion for a judgment on the state of the pleadings, was correctly overruled for other reasons. If it applied properly to anything, it was to the whole complaint, and not to the second and third paragraphs only. It was too general, vague and indefinite to raise any material question.

The judgment is affirmed, with costs.

*J. N. Sims*, for appellant.

*McClurg* and *Morrison*, for appellees.