### FISHER *v.* HOBBS ET AL.

HIGHWAY.—*Claim for Damages.*—*Waiver.*—Where, upon a petition being filed for the location and opening of a proposed highway, a remonstrant over whose lands it would pass appeared in the commissioners' court, and made no objection to the sufficiency of the petition, the giving of notice, or as to the utility of the proposed highway, but filed his claim for damages;

*Held,* that he waived all questions of irregularity in the proceedings and as to the utility of the road.

EVIDENCE OF 'USE BY PUBLIC.—*Instruction.*—In determining whether a proposed road will be of benefit or injury to a particular farm, it is proper for the jury to consider the existence or non-existence of the roads that pass over or near the farm; and the legality and permanency of such roads are of vital importance. Accordingly, it was error for the court to refuse to instruct the jury, that by the unopposed use of any road over the lands of the remonstrant by the public, he being cognizant thereof, until public accommodation and private rights would be materially affected by the interruption of the same, although the use had not continued twenty years, he would be barred of his right to close the highway.

APPEAL from the Orange Circuit Court.

BUSKIRK, J.—William P. Hobbs and forty-seven others, citizens and freeholders of Orange county, filed a petition before the board of commissioners of said county, for the creation of a highway. Viewers were appointed, who reported that the proposed highway would be of public utility. Thereupon the appellant filed a remonstrance against the establishment of the proposed highway, upon the ground that it would pass over, through, and across his lands, and would result in great injury to him, and claimed damages in the sum of one thousand dollars.

The board appointed reviewers, who reported that the appellant would be damaged in the sum of one hundred and seventy-five dollars. The board then ordered the road to be opened, and that said sum of one hundred and seventy-five dollars be paid to the appellant. From this order the appellant appealed to the circuit court, where the cause was tried by a jury, who found that the appellant was not entitled to any damages. The court overruled a motion for a new

trial and rendered judgment on the verdict, from which the appellant appealed to this court.

The appellant has assigned for error the overruling of his motion for a new trial.

The first reason assigned for a new trial was, that the verdict was not sustained by sufficient evidence. The defects pointed out were, that there was no evidence showing the filing of the petition, the giving of notice, that the petioners were freeholders, or the appointment of viewers.

The second reason assigned for a new trial was, that the court excluded from the jury all evidence offered by the appellant as to whether the road was of public utility.

The third reason assigned for a new trial was, that the court instructed the jury that they had nothing to do with the question as to whether the road was, or was not, of public utility.

We are of opinion that the court committed no error in overruling the motion for a new trial, for the reasons above stated. The only question involved in the case, and upon which the jury had to pass, was whether the appellant would be damaged by the location of the road, and if damaged, in what amount. The appellant appeared in the commissioners' court and made no objection to the sufficiency of the petition, the giving of notice, or as to the utility of the proposed highway, but filed his claim for damages. By so doing, he waived all questions of irregularity in the proceedings and as to the utility of the road. The case of *Smith* v. *Alexander*, 24 Ind. 454, is much in point, and is decisive of the questions sought to be raised by appellant. The court in that case says: "The record shows that at the time the petition was presented, Smith and others of the appellants appeared and objected to the proceedings on other grounds, but made no objection to the sufficiency of the notice; and when the first viewers reported in favor of the highway, all the remonstrants, except Cole, appeared and filed their claims for damages. They did not object to the sufficiency of the notice, nor that the proposed highway was not of public

utility; they simply claimed damages because of its location on their lands. We deem it proper here to say that, under the statute, it is clear that the reviewers had nothing to do with the question of the public utility of the highway; that fact was, in effect, admitted by the remonstrants failing to deny it, and claiming damages.

"The only question, therefore, submitted to the reviewers, was the amount of damages, if any, the remonstrants would sustain by reason of the location of the road through their lands. This, in effect, was the issue, and was the only question to be tried, on appeal, in the circuit court. The remonstrants might also have put in issue the public utility of the highway, but they did not, and it was therefore admitted."

To the same effect is the case of *Cummins* v. *Shields*, 34 Ind. 154.

The next reason assigned for a new trial is based upon the refusal of the court to give to the jury the first, second, third, fourth, seventh, ninth, eleventh, and thirteenth instructions, as asked by the appellant. The first, second, third, fourth, and seventh instructions asked by the appellant and refused by the court related to irregularities in the proceedings and the question of the public utility of the road, and were, for the reasons already given, correctly refused. If there was any error in refusing to give the eleventh, it was cured by giving the twelfth instruction, which fully covered the ground assumed in the one refused. We do not think the thirteenth instruction, whether given or refused, could materially affect the case. Counsel for appellant discuss the refusal to give other instructions, but the attention of the court below was not called to them in the motion for a new trial, and error cannot be based upon such refusal. This leaves for our consideration the refusal to give the ninth instruction, which is as follows:

"9th. In determining the question whether the farm of John Fisher has (without the proposed road) any roads, either public or private, leading to and from it, you should apply the following principles of law: That the unopposed use

by the public, of a road over the land of an individual who is cognizant of the fact, for a period of twenty years, would give the public an absolute right against such individual to have such road kept open for the use of the public. And if such use should be shown to have been continued until public accommodation and private rights would be materially affected by the interruption of the same, although not for a period of twenty years, in such case, the owner of the lands over which such road would pass would not have the right to shut up such road. So that, if the proof satisfies you that any of the roads or outlets of which the witnesses have spoken, leading to and from the farm of Fisher, have been used by the public as a highway without interruption for a period of twenty years, or until public accommodation and private rights would be materially affected by closing them up, then, in that case, you are instructed that such roads or outlets could not be closed by the owners of the lands over which the same pass."

Public highways may be established in this State, first, by order of the board of commissioners of the county ; secondly, by express grants; thirdly, by dedication, arising by presumption from a continued use of the place for a considerable period of time by the public as a public highway, with a knowledge thereof by the owner, and without objection on his part. *Holcraft* v. *King*, 25 Ind. 352.

The following language was used by this court, in *The State* v. *Hill*, 10 Ind. 219:

"The instruction given is evidently based upon section forty-five of an act relative to the opening, etc., of highways, which declares that 'all public highways which have been, or may hereafter be, used as such for twenty years or more, shall be deemed public highways.' 1 R. S. p. 315. But we have given a construction to that section which does not favor the ruling of the common pleas. In *Hays* v. *The State*, 8 Ind. 425, it was held that that statute, though it make twenty years user an absolute bar, does not impair the right of the public to insist upon a dedication, in accordance with

the common law rule. And under that rule, it has been decided that the unopposed user of a highway by the public, over the land of an individual who is cognizant of the fact, for a much less period than twenty years, say four or five years, was sufficient to raise the presumption of a dedication. Indeed, the weight of authority seems to be, that the use of land for a highway for such a length of time that public accommodation and private rights might be materially affected by an interruption of the enjoyment, would be evidence that the owner intended a dedication to the public. *Jarvis* v. *Dean*, 3 Bing. 447; 2 Greenl. Ev., sec. 662.

"The statute upon which this prosecution is founded, does not require that the highway obstructed should have been established by competent authority. And if, in this instance, it had been used, travelled and worked on, uninterruptedly for ten, or even a less number of years, the jury had the right to infer a dedication by the owner of the land over which the highway passed, and, consequently, to find that the defendant had no right to obstruct it. It follows that the instruction of the court is erroneous, and the one refused should have been given."

The existence or non-existence of other roads, that passed over or near to the farm of the appellant, was an important and material element to be considered by the jury, in determining whether the proposed road would benefit or injure the appellant, and the legality and permanency of such roads were of vital importance.

In our opinion the ninth instruction contained a correct enunciation of the law as applicable to the case, and the court erred in refusing to give such instruction; and for this error the judgment must be reversed. The jury were no where told that a user for less than twenty years would amount to a dedication.

The judgment is reversed with costs; and the cause is remanded for a new trial.

*J. Cox, F. Wilson,* and *A. C. Voris,* for appellant.

*A. J. Simpson,* for appellees.