### STEPHENSON ET AL. *v.* FARMER ET AL.

HIGHWAY.—*Establishment by User.*—To entitle a public highway, established by use for twenty years or more, to be entered of record, it should be ascertained and described with the same certainty that would be necessary in establishing a highway originally.

SAME.—If the evidence shows that the road was never surveyed or worked by authority, and that the track was continually changed to accommodate fields and to go around obstructions, it will be insufficient.

From the Monroe Circuit Court.

*J. S. S. Hunter, J. W. Buskirk,* and *L. L. Norton,* for appellants.

*P. C. Dunning, J. F. Pittman,* and *J. H. Louden,* for appellees.

BIDDLE, J.—Proceedings to have a road, which, it is alleged, has been used as a public highway for twenty years or more, ascertained, described, and entered of record.

The petition was filed before the board of county commissioners, and the prayer of the petitioners there denied. An appeal was taken to the circuit court, a trial by jury therein had, a verdict for the plaintiffs, motion for a new trial overruled, exception, an order to record the road, and appeal to this court.

The overruling of the motion for a new trial is assigned for error, and we think the motion ought to have been sustained. The evidence is all before us. It does not prove the existence

of any such highway as that described in the petition. It should have been shown by course and distance sufficiently particular to be practically ascertained and described, that it might be entered of record. The evidence tends to prove that what is claimed to be a highway was cut out without a survey, and never worked by authority; that as new fields were fenced contiguous to it, or obstructions fell into it, the track was continually changed to accommodate the fields and go round the obstructions. All the witnesses agree that the road was frequently changed, and some say even as much as a quarter or half a mile from its original track, and that it never was long in the same place.

We think that to entitle a public highway, established by use for twenty years or more, to be entered of record, it should be ascertained and described with the same certainty that would be necessary in establishing a highway originally.

We are not aware that the statute upon which this proceeding is founded (3 Ind. Stat. 290, sec. 45) has ever received a construction as to the method of having a public highway, established by user, ascertained, described, and entered' of record, but we are not without light as to the true principles which should guide us in its construction. See *Epler* v. *Niman,* 5 Ind. 459 ; *Barnard* v. *Haworth,* 9 Ind. 103 ; *Hart* v. *The Trustees, etc.,* 15 Ind. 226 ; *Holcraft* v. *King,* 25 Ind. 352 ; *Fisher* v. *Hobbs,* 42 Ind. 276.

The judgment below is reversed; cause remanded for further proceedings not inconsistent with this decision.

Petition for a rehearing overruled.