SUMMERS v. THE STATE.

SUPREME COURT.—*Criminal Action.*—*Notice of Appeal.*—*Waiver.*—*Attorney General.*—On an appeal to the Supreme Court by the defendant in a criminal action, the submission of the cause by the agreement of the Attorney General and the appellant is a waiver on the part of the State of the notice of appeal required to be given by section 152 of the criminal code, 2 G. & H. 426.

HIGHWAY.—*Dedication.*—*Presumptions.*—Highways may be established, in this State, by the order of the board of commissioners of the county, by express grant, and by dedication presumed from continued user as a public highway for a considerable period of time with the knowledge of, and without objection by, the owner of the land; and it is not necessary, in proof of acceptance by the public of a dedication, that the road should have been worked by public authority, or that the user, with knowledge and without the objection of the owner, should have been for twenty years. Twenty years user, as aforesaid, is a complete bar to an action by the owner; but a dedication by the owner and acceptance by the public are to be presumed from such user for a much shorter period, dependent on the peculiar facts of each case.

PRACTICE.—*Instructions.*—It is settled, that if an erroneous instruction be given, it cannot be corrected by another which states the law accurately, unless the erroneous instruction be thereby plainly withdrawn from the jury.

From the Parke Circuit Court.

*S. F. Maxwell* and *S. D. Puett*, for appellant.

*C. A. Buskirk*, Attorney General, *A. F. White*, Prosecuting Attorney, *T. N. Rice* and *J. L. Johnston*, for the State.

BUSKIRK, J.—The appellant was convicted in the court below for obstructing a highway, and, over a motion for a new trial, judgment was rendered on the verdict.

The error assigned is the overruling of the motion for a new trial.

The attorney general has filed a written motion to dismiss the appeal, for the reason that the appellant did not serve notice of his appeal upon the clerk of the court below and the prosecuting attorney.

The cause was submitted by written agreement, and a majority of the court are of opinion that the submission of

the cause by agreement waived the objection that notice of the appeal was not given.

The ruling of the majority of the court is placed upon section 7 of the act defining the duties of the attorney general, Acts of Reg. Sess. of 1873, p. 19, and Rule 11 of this court in relation to the submission of criminal actions.

The writer is of the opinion that the objection has not been waived. It is expressly provided by section 152 of the criminal code, 2 G. & H. 426, that "an appeal is taken by the service of a notice," etc.

The statute abolishes writs of error in criminal actions, and provides that appeals shall be taken in the manner therein prescribed. The code declares that the manner shall be by the giving of notice, and, in the judgment of the writer, the appeal can only be taken by the giving of notice as prescribed in the criminal code, and the attorney general cannot waive a jurisdictional fact or condition precedent.

The motion is overruled.

The error complained of calls in question the correctness of the action of the court in giving an instruction, and in refusing to instruct as requested by the appellant.

The instruction given by the court of its own motion is as follows:

"That if they believed, beyond a reasonable doubt, from the evidence, that the public used said road for twenty years before the obstruction was placed across the same, if there was such obstruction, they should find the defendant guilty."

The instruction asked and refused was, "that if they believed from the evidence in the cause that the road through defendant's farm had been kept up and in repair by the owner of the land for twenty years last past, and that said road had never been worked by the supervisors of the district in which the road is situate, nor recognized or adopted by the board of county commissioners, or township trustee of the township where the road lies, and they have exercised no authority over the same, they should find the defendant not guilty."

It was shown upon the trial, that the road in question was laid out by the owner of the land forty years ago through the woods; that as he "cleared and fenced his land, he put his fences across the road and made a way outside of the fence; that about twenty-five years ago he had built a fence on both sides of such road, since which time it had been used by the public generally, and especially by persons living in the neighborhood, in going to and from a church and graveyard; and that it had never been declared a public highway by the board of commissioners, or worked by supervisors, but had been kept in repair by the owner of the land and used by the public, until a fence was built across it by the appellant."

It is earnestly contended by counsel for appellant that it was a private way, and that the appellant had the right to place a fence across it, and exclude the public from the use thereof, and many authorities in other states are cited in support of their position. But we think the question must depend upon our statute and the adjudications of this court made thereunder.

It is provided by section 45, 1 G. & H. 366, that "all public highways which have been or may hereafter be used as such, for twenty years or more, shall be deemed public highways."

Counsel for appellant say that the above section has no application to the present case, because it relates to public highways, and the road in question is a private way.

It is firmly settled, by repeated decisions of this court, that public highways may be established in this State in three modes; first, by order of the board of commissioners of the county; secondly, by express grant; thirdly, by dedication arising by presumption from a continued use of the place for a considerable period of time by the public as a public highway, with a knowledge thereof by the owner, and without objection on his part.

The statute upon which this prosecution is founded does

not require that the highway obstructed should have been established and worked by competent authority.

It is settled that the use of land for a highway for such length of time that public accommodation and private rights might be materially affected by an interruption of the enjoyment, would be evidence that the owner intended a dedication to the public.

A highway established by dedication is as valid, to the extent and width used by the public, as one established by express grant or legal authority. The rights thus secured to the public cannot be withdrawn by the owner of the land over which the road has been established. *Epler* v. *Niman,* 5 Ind. 459; *Hays* v. *The State,* 8 Ind. 425; *The State* v. *Hill,* 10 Ind. 219; *Hart* v. *The Trustees, etc.,* 15 Ind. 226; *Jackson* v. *Smiley,* 18 Ind. 247; *Holcraft* v. *King,* 25 Ind. 352; *Debolt* v. *Carter,* 31 Ind. 355; *Fisher* v. *Hobbs,* 42 Ind. 276; *Stephenson* v. *Farmer,* 49 Ind. 234.

The instruction asked by appellant was properly refused. It proceeded solely upon the theory that the road in question could not have been dedicated to the public by the owner of the land, unless it had been established by legal proceedings or had been adopted and worked by public authority. This would entirely overturn the whole doctrine of dedication by user with the knowledge and without objection on the part of the owner of the land.

In determining whether there had been an acceptance of the road by the public, it would be proper to inquire whether it had been worked by public authority; but the fact that it had not been adopted and worked by the supervisor would not defeat the dedication.

The fact that the road has been used for a considerable period of time by the public, with the knowledge and consent of the owner of the land, raises the presumption that the owner intended to dedicate it to the public; and the continued use of it by the public for a considerable length of time is sufficient evidence of acceptance on the part of the public.

The instruction given by the court was incorrect in two respects. The one the State has the right to complain of, and the other the appellant.

It is evident that the jury understood, from the language used, that there could be no dedication unless the road had been used by the public continuously for twenty years. This is not the law. It is settled by the authorities above cited, that the use of a highway by the public for twenty years, with the knowledge and without objection on the part of the owner of the land, amounts to a complete bar; but it is also held that a dedication by the owner and an acceptance by the public are to be presumed from the use thereof for a much shorter period of time, the necessary time being dependent upon the peculiar facts of each case.

The appellant cannot complain of an instruction in his favor, and the State has not assigned a cross error, and we have referred to the matter only for the purpose of preventing an implication arising from our silence that we approved of that portion of the instruction.

The instruction is fatally defective for another reason, which we are bound to presume injuriously affected the rights of the appellant. It has heretofore been shown that, to create a dedication by user, it was necessary that the road should have been used by the public for a considerable period of time, with the knowledge of and without objection on the part of the owner of the land. The instruction ignores the ingredients of knowledge and want of consent on the part of the owner of the land.

The jury had the right to infer from the language of the instruction that a dedication was proved, though the road had been used by the public without the knowledge or over the objection of the owner of the land. This is not the law. It is settled that if an erroneous charge is given, it cannot be corrected by another instruction which may state the law accurately, unless the erroneous instruction be thereby plainly withdrawn from the jury.

The effect of conflicting instructions can only be to con-

fuse the jury; and, as they must follow one or the other, it is impossible to determine whether the influence of the court in such case has been exerted for good or evil. *Bradley* v. *The State,* 31 Ind. 492; *Clem* v. *The State,* 31 Ind. 480; *Clem* v. *The State,* 42 Ind. 420; *Kirland* v. *The State,* 43 Ind. 146.

In the present case, the record does not contain any other instruction on the part of the court. We cannot assume that the instruction set out was plainly withdrawn, and it being erroneous, we must presume it prejudiced the substantial rights of the appellant.

The judgment is reversed, with costs; and the cause is remanded for another trial, in accordance with this opinion.