Filed Dec. 16, 1884.

---

No. 10,990.

, 99   53
137   254.

## CARR v. KOLB, SUPERINTENDENT.

HIGHWAYS.—*Dedication.*—Dedication of land to public use as a highway may be inferred from public use thereof as such for nineteen years, with the consent of the owner, together with his acts and declarations explanatory of his intention, and surrounding circumstances.

From the White Circuit Court.

*A. W. Reynolds* and *E. B. Sellers*, for appellant.

*M. M. Sill* and *T. F. Palmer*, for appellee.

BICKNELL, C. C.—The appellant brought this suit against the appellee, as superintendent of roads, to restrain him by injunction from removing the appellant's fence. The appellee threatened to remove the fence because it was obstructing a highway; the appellant claimed that the fence was on his own land and not in the highway.

The court tried the cause upon complaint, answer and reply, and found for the defendant, overruled the plaintiff's motion for a new trial and rendered judgment on the finding. The plaintiff appealed. He assigns as error the overruling of the motion for a new trial. The reasons stated for a new trial were, that the finding was not sustained by sufficient evidence, and was contrary to law and the evidence. The suit was commenced in September, 1882. The fence in controversy was built in June or July, 1882.

There are two questions in the case: *First.* Was the highway located in the proper place? *Second.* Was there suffi-

cient proof of a dedication by the plaintiff to the public of the highway as it was?

It is by no means clear upon the evidence, that there was any mistake in the location of the highway; there was evidence tending to show that the center line of the highway as theretofore used by the public was the true line; but whether there was a mistake or not, there was evidence tending to show a dedication of the highway, as located, by the plaintiff to the public, and an acceptance thereof by the public.

It appeared in evidence that the highway was laid out and opened in 1851, under proceedings authorizing the location thereof on the half mile line in section 5, of town. 25, of range 4 west, and was used ever afterwards by the public as a highway, forty feet wide, twenty feet on each side of said line, until June or July, 1882, when the fence in controversy was built by the plaintiff; that the plaintiff, about nineteen years before suit brought, he then and ever since owning lands bounded by said highway on the west, built a fence along said highway and kept it there continuously on the east line of the highway until recently, when he ascertained as he supposed, that the center line of said highway was not the true half mile line of said section 5, and then he built the fence in controversy where he supposed he had a right to put it, eight feet nearer the center of the road than the old fence.

It appeared that the old fence left the road forty feet wide free from obstruction, and that during all of said nineteen years, and up to the time the new fence was built, the plaintiff made no claim against the public use of said highway as opened, but that during all of said time the same has been used, worked and improved by the public without any objection from the plaintiff, and with his knowledge. In the *City of Columbus* v. *Dahn*, 36 Ind. 330, this court, by WORDEN, J., said: "The question, whether a person intends to make a dedication of ground to the public for a street or other purpose, must be determined from his acts and statements explanatory thereof, in connection with all the circumstances

that surround and throw light upon the subject. \* \* \* And this is on the principle that the public have the right to suppose that a man intends what his outward conduct and statements indicate. \* \* Men, in all the affairs of life, are presumed to intend what is fairly and clearly indicated by their acts and conduct; and where the rights of the public or third parties are concerned, they have a right to act upon such presumption."

In *Holcraft* v. *King*, 25 Ind. 352, where the road had been laid out four and a half rods west of its true line, this court said: "Public highways may be established in this State, first, by order of the board of commissioners of the county; secondly, by express grant; thirdly, by dedication, arising by presumption from a continued use of the place for a considerable period of time by the public as a public highway, with a knowledge thereof by the owner, and without objection on his part." See, also, *Faust* v. *City of Huntington*, 91 Ind. 493; *Board, etc.,* v. *Huff*, 91 Ind. 333; *Green* v. *Elliott*, 86 Ind. 53; *Ross* v. *Thompson*, 78 Ind. 90; *Campbell* v. *O'Brien*, 75 Ind. 222; *Summers* v. *State*, 51 Ind. 201; *Fisher* v. *Hobbs*, 42 Ind. 276; *City of Evansville* v. *Evans*, 37 Ind. 229; *Hart* v. *Trustees, etc.,* 15 Ind. 226; *State* v. *Hill*, 10 Ind. 219. The cases of *Mansur* v. *State*, 60 Ind. 357, and *Bidinger* v. *Bishop, etc.,* 76 Ind. 244, cited by the appellant, are not in conflict with any of the other cases above cited.

We think the finding was sustained by sufficient evidence, and was not contrary to law. The judgment ought to be affirmed.

PER CURIAM.—It is therefore ordered, on the foregoing opinion, that the judgment of the court below be and the same is hereby in all things affirmed, at the costs of the appellant.

Filed Jan. 26, 1883. Petition for a rehearing overruled Jan. 7, 1884.