SOUTHERN INDIANA RAILWAY COMPANY v. NORMAN.

[No. 20,617. Filed June 9, 1905.]

1. PLEADING. — Complaint. — Railroads. — Placing Hand-Car on Public Highway.—A complaint, showing that defendant railroad company placed its hand-car within and upon the side of a public highway, and that by reason thereof plaintiff's ordinarily gentle team took fright and ran away and injured plaintiff, states a cause of action. p. 127.

2. TRIAL. — Instructions. — Railroads. — Placing Hand-Car on Highway.—It is not erroneous to instruct a jury that the placing of a hand-car on a public highway is prima facie unlawful. p. 129.

3. SAME.—Instructions.—Railroads.—Placing Hand-Car "by the Side of" the Highway.—An instruction, that the placing of a hand-car "by the side of" the highway, instead of "on" or "in" such highway is prima facie unlawful, is not open to objection where the answers to interrogatories show that such hand-car was placed "in the road." p. 130.

4. SAME.—Instructions.—Highways.—User.—An instruction, in an action against a railroad company for damages for personal injuries caused by the fright of plaintiff's team at a hand-car on the highway, "that the road was a public highway if used by the public continuously twenty years" is not erroneous. p. 130.

5. SAME.—Instructions.—Highways.—User.—Claim of Right.— An instruction, in a case of personal injuries caused by plaintiff's team taking fright at a hand-car on a highway, that twenty years' user "as a right" constitutes such way a public highway is not misleading where another instruction told the jury that such use must be without interruption and under a claim of right for twenty years. p. 131.

6.—EVIDENCE.—*Highways.*—*User.*—*Claim of Right.*—The continuous use of a way for twenty years, by the public, unexplained, will be presumed to be "under a claim of right," and therefore adverse. p. 132.

From Lawrence Circuit Court; *James B. Wilson,* Judge.

Action by Elmer C. Norman against the Southern Indiana Railway Company. From a judgment on a verdict for $600, defendant appeals. Transferred from Appellate Court under §1337u Burns 1901, Acts 1901, p. 590. *Affirmed.*

*F. M. Trissal* and *Brooks & Brooks,* for appellant.

*W. R. Martin, W. H. Martin, R. R. Boruff* and *J. E. Boruff,* for appellee.

MONKS, C. J.—This action was brought by appellee to recover damages for personal injuries alleged to have been caused by appellant's employes "negligently, carelessly and unlawfully placing a hand-car filled with tools, coats, dinner buckets and other objects and things of said employes," upon the public highway, within two feet of the traveled track thereof. Appellant's demurrer to the complaint for want of facts was overruled. A trial of said cause resulted in a verdict, and, over a motion for a new trial, a judgment in favor of appellee.

The errors assigned are: (1) The court erred in overruling the demurrer to the complaint; (2) the court erred in overruling the motion for a new trial.

It appears from the complaint that at a point about one-half mile north of Norman, a station along appellant's road, a public highway crosses said appellant's railroad track, and that for the purposes of said public highway appellant has built and maintained a crossing at grade; that after crossing said railroad track said highway intersects a road, traveled by the public, running for about one-half mile parallel with said railroad. It is alleged that "Said last-named road was used at will by the

general public, and was plaintiff's route from his home, which is situated on the same, to the first-mentioned road at its point of intersection with said railway; that on the 17th day of July, 1903, the plaintiff was driving on said parallel road a pair of gentle, well-broken mules hitched to a cultivator; that on said day the servants and employes of defendant railway company were engaged in surfacing the roadbed of said railway, and had ridden on a hand-car to the point at which said railway intersected said first-mentioned road, and, upon reaching said crossing, said defendant, its servants and employes, carelessly, negligently and unlawfully removed said hand-car from the track of said railway, and ran same out upon the side of said first-mentioned roadway about fifty feet from said railway and about twenty-five feet from the point of intersection of said two roads, and with the inner wheels of said car within two feet of the wagon track of said roadway, there being at the time upon said hand-car the tools, coats, dinner buckets and other objects and things belonging to and in use by the men who so placed said car; that there was no other way for plaintiff to pass along said road except by said car, and that said road was hidden from plaintiff's view until plaintiff was within a few feet of same; that when driving along said road as aforesaid, and without any fault on his part, or negligence, and near said hand-car so negligently, carelessly and unlawfully placed by the defendant, its servants and employes as aforesaid, the team driven by plaintiff took fright at said car, and sprang to the opposite side of the road, striking the fence and throwing plaintiff from said cultivator, causing him to strike his head on a log by the side of the road, fracturing his skull and bruising his body, and causing him to be sick and sore and suffering much pain, both physical and mental;   *   *   *   that by reason of his said injury he is unable to do either physical or mental labor; that his said injury was all without fault or

negligence on his part, but was caused solely by the careless, negligent and unlawful acts of the defendant as aforesaid, and not otherwise."

While said complaint can not be commended as a model, yet it appears therefrom that appellant negligently, carelessly and unlawfully placed said hand-car in the public highway within two feet of the wagon track, and by means thereof caused a team of gentle and well-broken mules attached to a cultivator on which appellee was riding, and which team of mules he was driving on a highway, to become frightened and run away, thereby throwing appellee from the cultivator and injuring him; that said injury was caused solely by the careless, negligent and unlawful acts of appellant as aforesaid, and not otherwise. Upon the authority of *Ohio, etc., R. Co.* v. *Trowbridge* (1890), 126 Ind. 391, *Cleveland, etc., R. Co.* v. *Wynant* (1889), 119 Ind. 539, 541, *Cleveland, etc., R. Co.* v. *Wynant* (1885), 100 Ind. 160, and *Cleveland, etc., R. Co.* v. *Wynant* (1887), 114 Ind. 525, 5 Am. St. 644, we hold the complaint sufficient to withstand the demurrer for want of facts. See Elliott, Roads and Sts. (2d ed.), p. 695; 3 Elliott, Railroads, p. 1988; *Vars* v. *Grand Trunk R. Co.* (1873), 23 Up. Can. C. P. 143; *Brownell* v. *Troy, etc., R. Co.* (1882), 55 Vt. 218; *Denver, etc., R. Co.* v. *Robbins* (1892), 2 Colo. App. 313, 30 Pac. 261; Patterson, Railway Accident Law, p. 152.

The court charged the jury in instruction five that "the placing of the hand-car by the side of said highway was *prima facie* unlawful." It was said in *Ohio, etc.,*

2. *R. Co.* v. *Trowbridge, supra:* "But a permanent or temporary occupancy of a highway by the cars of a railroad company is, *prima facie,* unlawful. It is, therefore, incumbent upon a railroad company which places a car upon a highway, to explain or excuse the act. The act of the appellant in placing the hand-car on the highway * * * calls for an explanation from the authors of the

wrong." It is clear, therefore, that placing said hand-car on said highway was *prima facie* unlawful, and it was not error so to instruct the jury.

Appellant can not successfully complain of said instruction five because it spoke of placing the hand-car "by the side of" the highway instead of "on" or "in" the same, because the jury expressly find in answers to the interrogatories that said hand-car was "in the road" at the time appellee was injured, and that it was "on that part of the road traveled by the traveling public," and that "it was on the ground that had been and was used by the public in traveling over and on said road." What we have said in regard to the complaint and its sufficiency to withstand the demurrer renders unnecessary the consideration of the other objections to said instruction five.

Appellant claims that the sixth instruction given by the court informed the jury "that the road was a public highway if used by the public continuously twenty years," and that the same was erroneous because the essential element—that said user must be under a claim of right—was omitted therefrom. It has been provided by statute in this State since 1852 (1 R. S. 1852, p. 315, §45, 1 G. & H., p. 366, §45) that "All public highways which have been or may hereafter be used as such, for twenty years or more, shall be deemed public highways." And see §5035 R. S. 1881, Acts 1867, p. 133; §6762 Burns 1901, Acts 1897, p. 192; Jones, Easements, §459. It was said in *Strong* v. *Makeever* (1885), 102 Ind. 578, 584, 587, concerning said statute: "Under this statute, it is the twenty-years' use that makes the road a highway, and it is immaterial whether the use is with the consent, or over the objections, of the adjoining landowners. Such is clearly the correct construction of the statute and the previous rulings by this court. *Epler* v. *Niman* [1854], 5 Ind. 459; *Hays* v. *State* [1857], 8 Ind. 425; *State* v. *Hill* [1858], 10 Ind. 219; *Lemasters* v. *State* [1858], 10 Ind. 391; *Hart* v.

*Trustees, etc.* [1860], 15 Ind. 226; *Debolt* v. *Carter* [1869], 31 Ind. 355, 365, 366; *Ross* v. *Thompson* [1881], 78 Ind. 90; *Kyle* v. *Board, etc*. [1884], 94 Ind. 115." See *McKeen* v. *Porter* (1893), 134 Ind. 483, 489-492; *City of Ft. Wayne* v. *Coombs* (1886), 107 Ind. 75, 79; *Pittsburgh, etc., R. Co.* v. *Town of Crown Point* (1898), 150 Ind. 536; Jones, Easements, §459.

We need not and do not decide, however, whether such user must be under claim of right by the public, as claimed by appellant, for the reason that, even if such is the rule, said sixth instruction was not erroneous for that reason. The part of the sixth instruction objected to reads as follows: "In order to constitute a highway, for the purposes of this cause, the plaintiff is not required to prove that the road upon and beside which the defendant placed its hand-car, if you find it did so place one, was a road recorded as a highway and worked by the public, but it is sufficient if it be shown by a fair preponderance of the evidence to be a road used by the public as a public road and as a right continuously for a period of twenty years." No one would understand from this language that a continuous use for twenty years alone was sufficient, for it says the use by the public must be "as a right."

The court gave, at the request of appellant, instruction nine, which reads as follows: "For a road to become a public highway by user, it must have been used by the public without interruption for a period of twenty years or more, and that use by the public must be under a claim of right." When the sixth instruction complained of is read and considered in connection with all the other instructions given, especially the ninth, above set out, it is clear that the necessity of the user being under a claim of right was fairly presented to the jury, and appellant has no just ground for complaint.

What we have said as to the use by the public under a claim of right has reference to the character of the use, and

not the evidence thereof, for it may be inferred from evidence of the use that it was under a claim of right. Elliott, Roads and Sts. (2d ed.), §159; *Town of Marion* v. *Skillman* (1891), 127 Ind. 130, 136, 137, 11 L. R. A. 55; Jones, Easements, §289. This is true because evidence of the continuous use by the public for twenty years or more, unexplained, will be presumed to be under a claim of right, and therefore adverse. Washburn, Easements (4th ed.), 156-158, 199; Jones, Easements, §289; *Mitchell* v. *Bain* (1895), 142 Ind. 604, 607, 608, and authorities cited. See *Rennert* v. *Shirk* (1904), 163 Ind. 542, and authorities cited.

Finding no error, the judgment is affirmed.