Nov. Term,
1845.

Phipps
v.
The State.

---

## Phipps *v.* The State.

In opening a road established by the county commissioners, the supervisor cannot deviate from the course of the road so established.

No presumption of dedication of uncultivated land of the *U. States* for a highway, can be raised from the use of such land as a highway by the public.

*Friday,
November 28.*

ERROR to the *Lawrence* Circuit Court.

DEWEY, J.—At the *May* term, 1844, of the *Lawrence* Circuit Court, an indictment was found against *Phipps,* the plaintiff in error, charging him with having, on the first day of *June,* 1843, obstructed a certain public highway, at a particular place in the county of *Lawrence,* by erecting a fence across it; and also with having continued the obstruction. Plea, not guilty; trial by the Court by consent; finding and judgment against the defendant.

It appeared in evidence that, in 1818, the highway named in the indictment was located and established by the board of commissioners of *Lawrence* county; that one *Dougherty* was appointed, in that year, supervisor of that road; that he, as supervisor, opened it generally as established, but that at a particular place he deviated from it, and at a short distance further on joined it again; that the defendant, about two years before the trial, (at the *November* term, 1844,) obstructed that part of the road opened by the supervisor between the points of departure from, and junction with, the line of the road as located and established by the commissioners, by throwing a fence across it in enclosing his farm, leaving the road as located open and unobstructed; and that "for many years before the defendant entered the land," the place so obstructed had been used by the public as a highway.

We do not think the evidence justified the finding and judgment of the Circuit Court. There was not sufficient proof that the place obstructed by the defendant was a public road. The highway established by the commissioners did not include it; and, certainly, the opening of it as a road by the supervisor, at a point where he had no authority to act, could not constitute it a legal highway.

But it is urged, that there was sufficient evidence of long continued user by the public, to justify the Circuit Court in presuming a dedication of the place in question as a highway by the owner of the land.

It is true, that twenty years' continued, unexplained, and adverse user of a *private* way, or other easement, over or on the land of a person who acquiesces in the user, raises a presumption that the right so exercised had its origin in a grant. *Campbell* v. *Wilson*, 3 East, 294.— *Daniel* v. *North*, 11 *id.* 372. And it may be true, that the unopposed user of a highway by the public, over the land of an individual who is conusant of the fact, for a much shorter period than twenty years, may raise the presumption of a dedication to the public by the owner. *Rugby Charity* v. *Merryweather*, 11 East, 376, n. But this point does not seem to be settled. The case last quoted, on which the distinction, if there be any, rests, has been shaken by the more recent cases of *Woodyer* v. *Hadden*, 5 Taunt. 126, and *Wood* v. *Veal*, 5 B. & Ald. 454. It has, however, been confirmed by a still later decision, in which it was held, that the use of a way by the public for four or five years, was sufficient to raise a presumption of dedication. *Jarvis* v. *Dean*, 3 Bingh. 447. But there is no occasion to determine this question on the present occasion.

There is no evidence that the defendant, *Phipps*, acquiesced for a moment in the use of his land for a public road. On the contrary, his first act after his purchase from the *United States*, so far as the record informs us, was one of dissent. He erected a fence across the travelled way so as to include it in his enclosure. He certainly never dedicated the place in question to the public. But it is urged, that prior to the defendant's purchase of the land, it had been used many years (probably ever since 1818, when the supervisor

Nov. Term,
1845.

opened the road) as a highway by the public; that the right of the public was therefore perfected; and that the defendant took the land subject to that right. The foundation on which the doctrine of dedication by user rests is, that the owner of the land has for a considerable length of time acquiesced in such user. Any thing which shows that there was no acquiescence by him destroys the presumption. 2 Stark. Ev. 525. *Daniel* v. *North, supra.*— *Wood* v. *Veal, supra.* We do not think that this doctrine of dedication inferred from user, is at all applicable to the extensive uncultivated domain of the *United States.* This domain is not in the actual visible possession of any body. There is no one to watch and guard against encroachment. It is impossible that the general government should know whether its unseated lands are improperly used for highways or not. There cannot, therefore, exist that consent by the owner to the use of his land for a road, from which a dedication can be presumed.

*Per Curiam.*—The judgment is reversed. Cause remanded, &c.

*G. G. Dunn*, for the plaintiff.

*A. A. Hammond* and *S. Major*, for the state.