THE PEOPLE EX. REL., ATTORNEY GENERAL *vs.* WRAY.

*Third Judicial District Court, April,* 1857.

HIGHWAYS.

A direction to open a highway, though given by the Board of Supervisors, deflecting from the established line, could not change the highway.
A highway must be designated in width, and be clearly defined.

Bill to enjoin defendant from obstructing an alleged highway.

*McKee,* for plaintiff.

*McCabe,* for defendant.

HESTER, J.—The complaint in this case alleges that the defendant

obstructed a highway between the bridges of San Leandro and San Lorenzo creeks, and threatens further obstruction of the same, and prays for a perpetual injunction. The defendant denies the material allegations of the complaint.

The evidence establishes that in the year 1856, proceedings were had in due form at a session of the Board of Supervisors for the purpose of establishing a public highway, on a straight line between said bridges; that viewers were appointed who reported favorably; that the Board made an order establishing a highway between said bridges, on a straight line, and made a further order directing it to be opened, not on that line the whole distance, but including a few rods, a part of the distance, west of it; it was accordingly opened and traveled upon; the deflection of the line of the highway was upon the land claimed by defendant: that portion of it on the land of the defendant was obstructed by him, and threats made of further obstruction.

No width was given to the highway by the order establishing it.

Upon these facts the cause was submitted to the Court.

The Court decided that the order establishing the highway was intended to create a public easement. That a direction to open the same, though given by the Board, deflecting from the established line of the highway, could not change it; neither could the supervisor thereof deviate from the established line. (Whipps vs. the State, 7 Black., 512.)

The Court also decided that the order establishing the highway was a nullity, as no width was given to it. Such public easements should be clearly defined—a mathematical line was not sufficient. The public and the adjoining land owners are interested in the character and extent of the easement.

The Court dismissed the complaint.