## MAUCK v. THE STATE.

CRIMINAL LAW.—*Weight of Evidence.*—Where, in a criminal prosecution, there is competent evidence tending to sustain every material fact necessary to authorize a verdict against the defendant, the Supreme Court, on appeal, will not disturb such verdict on the mere weight of the evidence.

SAME.—*Obstructing Highway.—User.—Presumption.—Dedication.—Instruction.—Evidence.*—On the trial of a defendant indicted for obstructing a public highway by the erection of a fence thereon, it appeared by the evidence that the highway had never been established, nor its boundaries ascertained; that it had been used for more than twenty years; that it adjoined the defendant's land; and that he was the owner of the fee of the part obstructed. The defendant also gave evidence that, twelve years prior to the finding of the indictment, in renewing a fence dividing his land from the highway, he had, as a matter of convenience and not as a dedication to the public, set the new fence in farther on his land, thus throwing the strip of land now in question out with the highway; and that the obstruction charged was a fence erected by him, re-enclosing the strip formerly thrown out. Upon these facts the defendant asked the court to instruct the jury, that, where "the State relies upon an user of less than twenty years, * " she must "give such evidence to the jury as will convince them beyond a reasonable doubt, that the defendant intended to dedicate or grant such ground to the public for the purposes of a public highway."

*Held*, that the instruction should have been given.

*Held*, also, that the presumption of dedication, arising from user of less than twenty years, may be rebutted.

From the Gibson Circuit Court.

VOL. LXVI.—12

*C. A. Buskirk*, for appellant.

*T. W. Woollen*, Attorney General, and *W. H. Trippet*, Prosecuting Attorney, for the State.

HOWK, J.—The indictment in this case charged that the appellant, on the 1st day of June, 1879, at Gibson county, Indiana, " unlawfully obstructed a certain public highway, then and there situate, leading through the town of Princeton, in said county, and from said town of Princeton to the town of Patoka, in said county, by then and there unlawfully erecting a fence in, upon, along and across said highway, contrary to the form of the statute," etc.

The cause was tried by a jury, and a verdict was returned finding the appellant guilty as charged in the indictment, and assessing his punishment at a fine in the sum of fifty dollars. The appellant's motion for a new trial having been overruled by the court, and his exception entered to this decision, judgment was rendered on the verdict, from which judgment this appeal is now here prosecuted.

The only error assigned by the appellant, in this court, is the decision of the court below in overruling his motion for a new trial. Many causes for such new trial were assigned by the appellant, in his motion therefor; but of these causes we will consider such only as his counsel has presented and discussed, in his brief of this case, in this court.

It will be seen from the indictment, that the appellant was therein charged with the commission of the offence which is defined, and its punishment prescribed, in section 66 of " An act defining misdemeanors and prescribing punishment therefor," approved June 14th, 1852. This section provides, that " Every person who shall in any manner obstruct any public highway, * * * * * * shall be fined not exceeding five hundred dollars, or imprisoned not exceeding three months; and upon prosecution for obstructing a highway, it shall be sufficient to prove that it is used and worked as such." 2 R. S. 1876, p. 479.

The appellant's counsel very earnestly insists, in argument, that the verdict of the jury was not sustained by sufficient evidence. He does not claim, as we understand his argument, that there is no evidence, in the record, which tends to sustain the verdict; but he contends, that "an overwhelming preponderance" of the evidence is against the verdict. We have carefully read all the evidence in the record, and we have failed to find that preponderance in the evidence, insisted upon so earnestly by the appellant's counsel. It has seemed to us, from our reading of the evidence, that the charge in the indictment is fairly sustained by sufficient evidence; and, at least, that there is an abundance of evidence in the record, which tended strongly to sustain the verdict of the jury. In such a case, it is settled by the decisions of this court, that it can not and will not attempt to weigh the evidence, nor to determine its preponderance either for or against the verdict. It is true, that the evidence in this case was very conflicting, and that the witnesses on the one side or the other must have been at least mistaken in their recollection of the facts in connection with the highway in controversy, and its user by the public; but the jury trying the cause had opportunities and facilities for determining the credibility of the witnesses, and the proper weight and probable truth of their testimony, which we, as an appellate court, can not possibly have. Besides this, the verdict in the case at bar has received the sanction and approval of the able, learned and intelligent court in which the cause was tried. We cannot, therefore, disturb the verdict on the evidence.

The appellant complains of the refusal of the court to give the jury trying the cause instruction 2, asked by him. This instruction reads as follows:

"2. If the jury do not find that the ground charged to have been obstructed as a highway by the defendant was regularly established as such highway by an order of the

Board of County Commissioners of Gibson county, and do not find it was established as a highway by an user of twenty years or more previous to the finding of the indictment in this cause, by evidence which leaves no reasonable doubt upon such question, then, in order to make out the case against the defendant, it devolves upon the State, if the State relies upon an user of less than twenty years of such ground on the part of the public as a highway, to give such evidence to the jury as will convince them beyond a reasonable doubt, that the defendant intended to dedicate or grant such ground to the public for the purposes of a public highway."

If this instruction contains a true statement of the law of this State, on the point indicated therein, and if, in that event, the substance of the instruction was not embraced in nor covered by the instructions given by the court of its own motion, then it is very clear, we think, that the court erred in its refusal to give this instruction, at the appellant's request. In other words, it can not be questioned, as it seems to us, that this instruction was pertinent to the case which the appellant's evidence tended strongly to establish, that he never intended to dedicate or grant the ground in controversy to the public, for the purposes of a public highway. Therefore, if this instruction stated the law of this State, the appellant had the right to ask, and to insist, that it should be given to the jury in some form, either as it was written or in the court's own language. The appellant was the absolute owner in fee of the ground in controversy. This fact was not disputed nor questioned by the State; but it was claimed that the public had in some manner acquired an easement in and over such ground, for the purposes of a public highway. There was no evidence offered of any order of the Board of Commissioners of Gibson county, establishing the highway described in the indictment. The highway

had been in use for more than twenty years prior to the finding of the indictment in this case; but the evidence failed to show that its lines had ever been ascertained, located or established with any degree of certainty. For a number of years prior to 1866, the appellant's lands were separated from the highway by a rail fence. This fact is not disputed, but the evidence as to the precise location of this rail fence is sharply conflicting. In 1866 the appellant built a plank fence in lieu of the old rail fence. He and his witnesses, who built this plank fence, testified positively that it was set back six feet from and inside of the rail fence, and six feet further from the highway. The appellant testified, that he thus set back the plank fence from the old rail fence for his own convenience, on account of the ground being washed in places and that he never gave, nor intended to give, the strip of ground between the plank and rail fences to the public or any one else, but had always regarded it as his own land. In 1877, he built a new plank fence, and had set it out again five feet from the old plank fence, toward the highway. This new plank fence is the fence mentioned in the indictment in this case, as having been erected by the appellant " in, upon, along and across said highway."

The appellant's evidence and that of his witnesses, in regard to the location of these several fences, were contradicted by much of the evidence on the part of the State. But the appellant's evidence, if true, showed very clearly that the appellant had never dedicated nor granted, nor had he intended to dedicate or grant, the strip of ground in controversy to the public for the purpose of a public highway, and that the user by the public of said strip of ground, as a highway, had not continued for a longer period of time than about twelve years. Manifestly therefore, if the appellant's instruction 2 stated the law correctly, it was pertinent to the case which his evidence tend-

ed to establish. It is very clear to our ·minds, that the instruction does contain a fair statement of the law of this State, applicable to the subject of the instruction, in such a case as the case at bar. *Mansur* v. *The State*, 60 Ind. 357, and *Mansur* v. *Haughey*, 60 Ind. 364, and the authorities cited. The record fails to show, that the court gave the jury, in its own charges, the substance of this instruction 2; and therefore we are bound to hold that the court erred in its refusal to give the jury said instruction 2, at the request of the appellant.

It is earnestly insisted by the counsel for the State, that the doctrine laid down in the case of *Mansur* v. *The State*, *supra*, to the effect that there must be " an intent to dedicate on the part of the owner," and " also an acceptance by or on behalf of the public,"to constitute a dedication, cannot be reconciled with some of the previous decisions of this court. In this connection, we are referred by counsel to the following cases, which are supposed to be in conflict with the case last cited, to wit: *Phipps* v. *The State*, 7 Blackf. 512; *Hays* v. *The State*, 8 Ind. 425 ; and *The State* v. *Hill*, 10 Ind. 219. The doctrine of these cases, on the point now under consideration, is thus stated in the last one cited.

" The unopposed user of a highway by the public, over the land of an individual who is cognizant of the fact, for a much less period than twenty years—say four or five years—was sufficient to raise the presumption of a dedication. Indeed, the weight of authority seems to be, that the use of land for a highway for such a length of time that public accommodation and private rights might be materially affected by an interruption of the enjoyment, would be evidence that the owner intended a dedication to the public. *Jarvis* v. *Dean*, 3 Bingh. 447. 2 Greenl. Ev., sec. 662."

There is certainly no conflict between these cases and the case of *Mansur* v. *The State, supra*. In the latter

case, it is held that an intention on the part of the owner to dedicate is necessary to constitute a dedication ; and, in the former cases, it was held that certain facts would constitute evidence of such an intention of the owner to dedicate, and would be sufficient to raise a presumption of a dedication.

The State's attorneys have also referred us to the cases of *Holcraft* v. *King*, 25 Ind. 352, and *Fisher* v. *Hobbs*, 42 Ind. 276. In these cases, on the point now under consideration, it was decided that " Public highways may be established in this State, * * * * * * * thirdly, by dedication, arising by presumption from a continued use of the place for a considerable period of time by the public as a public highway, with a knowledge thereof by the owner, and without objection on his part." We see nothing in the cases last cited. which can not be readily reconciled with the doctrine of *Mansur* v. *The State, supra.* This doctrine of dedication, arising by presumption, was also recognized by this court, in the case of *Mansur* v. *Haughey, supra,* in which it was held, on the authority of the case of *McCormick* v. *The Mayor, etc., of Baltimore*, 45 Md. 512, that " as dedication will be presumed, where the facts and circumstances of the case clearly warrant it, so that presumption may be rebutted, and altogether prevented from arising, by circumstances incompatible with the supposition that any dedication was intended."

It certainly will not do to hold, that the evidence of an intended dedication, or the presumption of a dedication, was itself an absolute dedication ; and yet it seems to us, not only that this is the position of the State's attorneys, in their argument of this case in this court, but that the court below, in its instructions, must have been governed and controlled by the same erroneous view of the law, that the evidence of the fact is the fact itself. Such a view of the law will not do in the administration of criminal law,

where the evidence of every material fact must establish the fact beyond a reasonable doubt. Thus, in its third charge, the court below instructed the jury as follows:

" 3. The rule upon the subject of the location of highways by a dedication, as I understand the law, is this: The unopposed use by the public of a road over the land of an individual who is cognizant of the fact, for a period of twenty years, would give the public an absolute right against such individual to have such road kept open for the use of the public. And when the use is shown to have been continued until public accommodation and private rights would be materially affected by the interruption of the same, although not for a period of twenty years, and if the proper authorities had accepted the same, as a public highway, in such case, the owner of the land over which such road would pass would not have the right to shut up such road."

We are clearly of the opinion, that the last sentence of this third charge does not contain a true statement of the law of this State ; for it makes the facts recited therein, which at most would be merely " evidence that the owner intended a dedication to the public," (*The State* v. *Hill, supra,*) so absolutely conclusive of the owner's rights in the premises, as to amount to an absolute estoppel. Surely, this is not the law in any case, and least of all in a criminal cause, where the defendant is or ought to be entitled to the benefit of every reasonable doubt, as to every material fact necessary to his conviction. Such evidence or presumption of a dedication is not conclusive of the question ; but the defendant, in such a case as the one at bar, certainly has the right, and ought to be permitted, to show by evidence, if he can, that in point of fact he never intended a dedication. The presumption of a dedication, arising from the facts stated in the third charge, as it seems to us, may be contradicted, rebutted and overcome

by evidence and facts which show or tend to show that the owner of the land, over which the supposed public highway may pass, never intended a dedication of such land to the public, for the purposes of such highway.

Then, in such case, where the State relies upon a user of the land for less than twenty years, as evidence that the owner intended a dedication of the land to the public for a public highway, or as authorizing a presumption of such a dedication, we think that the court should fairly instruct the jury trying the cause, to the effect that, unless they were satisfied upon all the evidence in the cause, beyond a reasonable doubt, that the defendant intended to dedicate or grant such land to the public, for the purposes of a public highway, they must find for the defendant.

For the reasons given, we hold that the court erred in overruling the appellant's motion for a new trial.

The judgment is reversed, and the cause is remanded for a new trial.