## VANDALIA RAILROAD COMPANY *v.* WHEELER ET AL.

[No. 22,534. Filed January 28, 1914. Rehearing denied
April 1, 1914.]

1. EASEMENTS.—*Adverse Possession.*—*Notice.*—*Record.*—Where the deeds conveying certain lots contained exceptions as to a railroad right of way across same, the purchasers of such lots had notice therefrom that such right of way was held by the railroad company, so that even though the railroad company had not recorded its deed, they could not acquire the title to such right of way by prescription. p. 427.

2. ADVERSE POSSESSION.—*Essentials.*—*Claim of Right.*—*Evidence.*—Adverse possession consists in the actual, open, notorious, exclusive and continuous possession of land under a claim of right; and to prove such claim of right oral declarations are not necessary, but the same may be inferred from the manner of occupancy, and positive acts of ownership inconsistent with the ownership of the true owner, and from erecting, repairing, occupying, or leasing buildings thereon. p. 428.

3. ADVERSE POSSESSION.—*Prescription.*—*Time.*—To establish title by prescription, the person occupying real estate should have actual, open, notorious and adverse possession for twenty years. p. 428.

4. EASEMENTS. — *Findings.* — *Judgment.* — *Adverse Possession.* — Where the court specially found that lots, over which plaintiff held the record title to land for a right of way, had been conveyed to defendant's grantor more than twenty years before plaintiff's action was commenced, that defendant's grantor built a house and that the same had been occupied ever since, but failed to find when the house was built, or that there was any adverse possession which had ripened into title by prescription, a judgment for defendants cannot be sustained. p. 428.

From Clay Circuit Court; *John M. Rawley,* Judge.

Action by the Vandalia Railroad Company against Laura M. Wheeler and others. From a judgment for defendants, the plaintiff appeals. (Transferred from the Appellate Court under §1405 Burns 1908, Acts 1901 p. 590.) *Reversed.*

*McNutt, Wallace & Sanders, A. W. Knight* and *John G. Williams,* for appellant.

*E. S. Holliday* and *Frank A. Horner,* for appellees.

ERWIN, J.—This was an action by appellant on a complaint in two paragraphs, one to quiet title to real estate and the other in ejectment. The real estate involved is described as lots 103 and 104 in the Indianapolis Rolling Mills Company's first addition to the city of Brazil, Indiana. To this complaint appellee, Laura M. Wheeler filed an answer in four paragraphs. The defendant, Conrad S. Wheeler, filed an answer in general denial, and also filed an answer of disclaimer. August William Bushman and Carrie Bushman filed answers in general denial. On the issues thus formed, the cause was submitted to the court for trial and, upon request of appellant, the court made special findings of facts and stated its conclusions of law thereon, and rendered judgment in favor of appellees. The appellant excepted to the conclusions of law and afterwards filed a motion for a new trial, with written reasons therefor; which motion for a new trial is to the effect that the several findings of facts found by the court are not sustained by sufficient evidence and are contrary to law.

The facts as found by the court are that in 1881, the Indianapolis Rolling Mills Company was the owner of lots 103 and 104, being the lots in question; that in 1887 said Indianapolis Rolling Mills Company executed a warranty deed to the Terre Haute and Indianapolis Railroad Company, conveying to said company thirty feet off the west end of said lots, for a valuable consideration; that said deed was not recorded before the bringing of this action and neither of the defendants had knowledge of the existence of said deed before the bringing of this suit; that appellant on January 1, 1905, by reason of an agreement of consolidation, became the owner of all the title of the Terre Haute and Indianapolis Railroad Company, in and to the lots in question; that the Indianapolis Rolling Mills Company, by warranty deed conveyed the lots in question to one Fehner, subject to the right of way of the railroad company; after numerous conveyances, each by warranty deed, the property was finally

conveyed to appellee Laura M. Wheeler. Each conveyance was for a valuable consideration, and each deed contained the stipulation that it was made subject to the right of way of the railroad company; that at the time of the conveyance to Fehner, by the Indianapolis Rolling Mills Company, in 1888, the lots had no buildings on them, but that a house was afterwards erected, which house faced Thomas Street in said city, a street sixty feet wide; that the house so erected was twenty-seven feet and six inches from the west line of lot 104, which was the east line of said street; that said Fehner and family moved into said house after its completion and continued to occupy the same until he conveyed it to James M. Price; that Fehner and each of the grantees set out in the finding, took possession of said house and appurtenances thereto belonging, under the deeds containing the exceptions as to the right of way of said railroad company; that said house has been occupied continuously from the time Fehner moved into the same to the time of the filing of this suit; that the usual way of egress and ingress from and to said house was over the ground between the house and said Thomas Street during all the time from 1888 to the bringing of this suit; that each of said lots is 48 feet wide and 152 feet long; lot 103 lying immediately north of lot 104; that the house built by Fehner was built partly on the thirty-foot strip, theretofore deeded to the railroad for right of way, and that all of said owners, from Fehner to the appellee took actual possession of said house and the appurtenances thereto belonging, and remained in uninterrupted, continuous, exclusive, open and actual possession of the same from the time the house was built until the commencement of this suit; that from the date of the deed from the Indianapolis Rolling Mills Company, to wit, September 9, 1887, up to the consolidation agreement in 1904, the railroad company never made any conveyance, lease, transfer, or sale of the thirty-foot strip in question; that at the time of the conveyance of that thirty-foot strip off of the west

end of said lots, the Terre Haute and Indianapolis Railroad Company was in existence and had been in operation for several years prior thereto; that said railroad consisted of a single track and said track was located wholly in said Thomas Street, running in front of said lots 103 and 104; that the grade, ties and rails of said track were located wholly in said street and that no part of the same was located on or over said lots 103 and 104, or either of them; that said railroad track ran parallel with the west line of said lots, and the east rail of said track was about seven feet and eight inches distant from the west line of said lots; that they remained continuously the same from April, 1887, up to the bringing of this action; that before the bringing of this action the appellees Bushman and Bushman made a contract with appellees Wheeler and Wheeler, to purchase said lots, but that no deed has passed to them for the same; that the appellant and appellees are each claiming title from the Indianapolis Rolling Mills Company. On these facts, the court found that the law was with the appellees and rendered judgment accordingly.

It is found by the court that the deed to the railroad company of September, 1887, was not placed of record before the bringing of this suit, but it is contended by appellant that, at the time the deed was made, no law required it to be recorded and the law requiring deeds to rights of way of railroads was not passed until 1893, and hence the rule of innocent purchaser, without notice does not apply in this case. It is further insisted by appellant that at the time the railroad company took a deed for the thirty-foot strip there was no law requiring the deed to be recorded, and therefore appellees were bound to take notice of the same, without it having been recorded as the law did not apply to deeds already made. It would make no difference

1. whether the deed was recorded, if the purchaser had some notice that the railroad had a right of way over the lots in question; and since each purchaser had notice, by

reason of the deed of conveyance from Fehner down to appellee, there could be no title by prescription.

Adverse possession consists in the actual, open, notorious, exclusive and continuous possession of land under a claim of right. To prove a claim of right, oral declarations are not necessary. It may be inferred from the manner of occupancy and positive acts of ownership inconsistent with the ownership of the true owner, and from erecting, repairing, occupying or leasing buildings thereon. *Rennert* v. *Shirk* (1904), 163 Ind. 542, 72 N. E. 546, and cases cited; *Southern Ind. R. Co.* v. *Norman* (1905), 165 Ind. 126, 132, 74 N. E. 896; *Mull* v. *Williamson* (1906), 166 Ind. 537, 544, 78 N. E. 76. It is necessary to establish title by prescription, that a person occupying real estate should have actual, open, notorious and adverse possession for twenty years.

The findings of the court nowhere find that appellees had such possession. It is true that the court finds that conveyance was made to Fehner, March 23, 1888; that possession of the same was demanded of appellee, Wheeler on September 15, 1908, and the record discloses this suit was filed October 22, 1908. The court further finds "that between the time of the conveyance on March 23, 1888, a house was built." That said Fehner and family moved into said house, and that the same has been occupied ever since, but when the house was completed, or built, does not appear by the finding, or the date Fehner took possession; nor does it appear by any finding that there was adverse possession of any part of the lot claimed by appellant; and failing to find these facts the special findings are not sufficient to authorize a judgment in favor of appellees. The court finds that appellant had the record title to the strip of land in controversy, and unless the court further finds that there was title in appellees by reason of twenty years' occupancy, then there could be no judgment for the appellees.

We are of the opinion that the ends of justice will best be subserved by granting a new trial. It is therefor ordered that the judgment be reversed with directions to grant a new trial.

Note.—Reported in 103 N. E. 1069. As to notice of easement, see 136 Am. St. 700; 122 Am. St. 206.